[No. F038893. Fifth Dist. Jan. 30, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
EDUARDO VILLANUEVA LINARES, Defendant and Appellant.

## Counsel

Gordon S. Brownell, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Robert P. Whitlock and Kelly C. Fincher, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**VARTABEDIAN, Acting P. J.**—Defendant Eduardo Villanueva Linares rammed his car into the victim, causing severe damage to the victim's leg

that led to amputation of the leg. He pleaded no contest to one count of attempted murder (Pen. Code, §§ 664, 187) with a great bodily injury enhancement. Vehicle Code section 13351.5[1] requires the Department of Motor Vehicles (DMV) to permanently revoke the driver's license of one convicted of a felony violation of Penal Code section 245 (assault with a deadly weapon) when a vehicle is found by the court to constitute the deadly weapon used to commit the offense. Defendant appeals claiming the trial court erred when it recommended that his driver's license be revoked pursuant to section 13351.5.

*Discussion*

Section 13351.5 provides in pertinent part:

"(a) Upon receipt of a duly certified abstract of the record of any court showing that a person has been convicted of a felony for a violation of Section 245 [assault with a deadly weapon or force likely to produce great bodily injury] of the Penal Code and that a vehicle was found by the court to constitute the deadly weapon or instrument used to commit that offense, the department immediately shall revoke the privilege of that person to drive a motor vehicle.

"(b) The department shall not reinstate a privilege revoked under subdivision (a) under any circumstances."

The probation officer's report for sentencing included a recommendation that defendant's driving privilege be revoked for life pursuant to section 13351.5.

At sentencing, the trial court commented, "At this point I'm not going to revoke his driving privilege unless it's mandatory." The district attorney then stated: "I believe it is mandatory." The court replied: "If it is mandatory, then it's revoked for life pursuant to Vehicle Code Section 13351.5. I am stating for the record if it's not mandatory, I would not suspend it for life or revoke if [*sic*] for life."

The minute order from the judgment states: "Pursuant to Vehicle Code Section 13351.5, it is recommended the defendant's driving privilege shall be revoked for life. ([I]f not mandated Court would not revoke for life). Clerk to forward an abstract of these proceedings to the Department of Motor Vehicles." The abstract of judgment contains identical language to the minute order.

---

[1]All future code references are to the Vehicle Code unless otherwise noted.

█ Defendant contends his conviction of attempted murder, while consistent with the spirit of the statute, falls outside the express provisions of section 13351.5 and the trial court erred when it forwarded the abstract of judgment to the DMV with this code reference included. He asks that his sentence be modified to strike any reference to revocation of his driving privilege under section 13351.5 and that the trial court be ordered to prepare an amended abstract of judgment which does not reference this statutory provision.

The People characterize defendant's argument as simply asserting the trial court erred in ordering his driving privilege revoked for life pursuant to section 13351.5. They then contend that defendant's claim is not reviewable on appeal because the revocation of one's driving privilege is an administrative function performed by the DMV, and not by the trial court. The People do not discuss whether defendant's driver's license may be properly revoked under section 13351.5. They do state the purpose of the statute "would not be properly served unless the trial court forwarded abstracts of judgment to the DMV in cases where Vehicle Code section 13351.5 may be invoked."[2]

█ We view driving as a privilege, not a right, and license revocation as a civil, not a criminal, sanction. (*Moomjian v. Zolin* (1993) 12 Cal.App.4th 1606, 1612 [16 Cal.Rptr.2d 335].) We also recognize the DMV, not the court, is empowered to revoke a driver's license. (*In re Grayden N.* (1997) 55 Cal.App.4th 598, 604 [64 Cal.Rptr.2d 277].) █ But if defendant's conviction does not fall within section 13351.5, then the judgment of the trial court and the abstract indicating that it did fall within this section are erroneous and correctable on appeal. We are not, as respondent contends, reviewing whether defendant's license should or should not be revoked. We are merely reviewing whether the trial court's judgment, as forwarded to the DMV, is correct.[3]

█ " 'We begin with the fundamental rule that our primary task in construing a statute is to determine the Legislature's intent. [Citation.]' [Citation.] ' "The court turns first to the words themselves for the answer."

---

[2]The People do not argue that defendant waived this assertion for appeal because he failed to object. If attempted murder does not fall within section 13351.5, then the trial court was not authorized to refer the matter to the DMV under section 13351.5. A sentence is unauthorized if "it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

[3]See for example *In re Gaspar D.* (1994) 22 Cal.App.4th 166 [27 Cal.Rptr.2d 152], where the appellate court reviewed whether the trial court properly concluded that the defendant used a vehicle in the commission of the offense before recommending to the DMV that the defendant's driving privilege be revoked.

[Citations.]' [Citation.] When the statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it. [Citation.]" (*People v. Fuhrman* (1997) 16 Cal.4th 930, 937 [67 Cal.Rptr.2d 1, 941 P.2d 1189].)

■ There is nothing ambiguous about the language of section 13351.5. It applies to a person who "has been convicted of a felony for a violation of Section 245 of the Penal Code." Defendant was not convicted of a violation of section 245 of the Penal Code. He was convicted of attempted murder, a violation of Penal Code sections 664 and 187. By setting forth a specific code section, the Legislature presumably intended to exclude all other code sections. ■ "[T]he expression of some things in a statute necessarily means the exclusion of other things not expressed." (*Gikas v. Zolin* (1993) 6 Cal.4th 841, 852 [25 Cal.Rptr.2d 500, 863 P.2d 745].) ■ The Legislature has provided in other provisions of the Vehicle Code for revocation or suspension of a driver's license by utilizing general or specific language of inclusion. For example, section 13350 requires revocation of the driving privilege for one year for any person convicted of "[a]ny felony in the commission of which a motor vehicle is used." (§ 13350, subd. (a)(2); see also § 13351.) The Legislature has also seen fit to spell out if the listing of a particular conviction necessarily includes the violation of another section. Section 13350.5 states: "Notwithstanding Section 13350, for the purposes of this article, conviction of a violation of paragraph (3) of subdivision (c) of Section 192 of the Penal Code is a conviction of a violation of Section 23153." The Legislature has thus demonstrated how general or specific language of inclusion is used to direct the revocation of a driver's license of a person falling within a particular category. Here, by referencing conviction under one particular code section and by not setting forth any additional applicable sections, the Legislature expressly applied section 13351.5 to a conviction for a violation of Penal Code section 245 only.

Although defendant's conduct here is as egregious as the conduct of one convicted of a violation of Penal Code section 245 while using an automobile as an instrument in the crime, it is not within our province to rewrite the law. We defer to the Legislature should it wish in the future to sanction the instant category of behavior by amending section 13351.5 with language inclusive of the behavior for which defendant was convicted.

*Disposition*

We direct the trial court to amend the abstract of judgment to delete any reference to section 13351.5 and forward the amended abstract to the

appropriate authorities, including the DMV.[4] In all other respects, the judgment is affirmed.

Levy, J., and Cornell, J., concurred.

---

[4]We render no opinion as to whether there is some other basis upon which the DMV may suspend or revoke defendant's driving privileges.