LAVIN, J.
*1103 INTRODUCTION
Defendant Esmeralda Solis appeals from the denial of her petition for recall and resentencing under Proposition 47, the Safe Neighborhoods and Schools Act. Defendant argues Proposition 47, which reduced the penalty for theft of property worth less than $951 from a wobbler to a misdemeanor, applies to her felony conviction for taking or driving a vehicle under Vehicle Code section 10851, subdivision (a). We conclude defendant was not convicted of a qualifying theft offense and affirm the denial of her petition.
FACTUAL AND PROCEDURAL BACKGROUND
On March 15, 2012, defendant and three co-defendants were charged by information with grand theft auto, a felony (Pen.Code, § 487, subd. (d)(1) ; count 1); driving or taking a vehicle, a felony (Veh.Code, § 10851, subd. (a) ; count 2); and theft of identifying information, a misdemeanor (Pen.Code, § 530.5, subd. (c)(1) ; count 11).[1] Counts 1 and 2 involved a 1993 Honda Accord. A co-defendant drove the car; defendant was one of three passengers.
*1104 At arraignment, defendant pled guilty to count 2, driving or taking a vehicle in violation of Vehicle Code section 10851, subdivision (a) ( Section 10851 ), a felony. The trial court suspended imposition of *466 sentence and placed her on formal probation for three years. The court required defendant to serve 180 days in county jail, awarded her 174 days local custody credit, and dismissed counts 1 and 11.
In January 2015, the Alternate Public Defender's office filed a petition to recall defendant's felony sentence and resentence her as a misdemeanant under Proposition 47. The court held a contested hearing on February 5, 2015. The People opposed defendant's petition on the ground that Section 10851 convictions are not eligible for reduction under Proposition 47. The court found as a matter of law that Section 10851 convictions are not reducible under Proposition 47, and denied the petition without prejudice; the court did not make any factual findings about the nature of the Section 10851 violation or the value of the car. This timely appeal followed.
CONTENTIONS
Defendant contends Penal Code section 490.2 (Section 490.2 ), which reduced the penalty for "obtaining any property by theft where the value of the ... property taken does not exceed nine hundred fifty dollars ($950)," applies to at least some convictions for taking or driving a vehicle under Section 10851.
DISCUSSION
At the outset, we address the People's argument that even if Section 10851 is reducible as a legal matter, defendant did not meet her burden of proving that she is eligible for resentencing because her conviction was for joyriding, not vehicle theft. Because we hold Section 10851 is not eligible for resentencing under Proposition 47 under any legal theory and find defendant is ineligible for resentencing as a matter of law, we do not address the sufficiency of her petition for resentencing or resolve who bore the burden of proof below.
The issue before us is a question of law, which we review de novo. (People v. Cromer (2001) 24 Cal.4th 889, 893-894, 103 Cal.Rptr.2d 23, 15 P.3d 243.)
1. Proposition 47
On November 4, 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act. (Prop. 47, as approved by voters, Gen. Elec.
*1105 (Nov. 4, 2014).) The initiative aimed to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from" the Act in elementary and high school programs, victims' services, and mental health and drug treatment. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) Proposition 47 targets these goals in four ways: (1) it amends the Penal Code and Health and Safety Code to reduce certain property crimes and possessory drug offenses from felonies or wobblers[2] to misdemeanors; (2) it allows people serving felony sentences for newly-reduced offenses to ask the court to resentence them as misdemeanants (Pen.Code, § 1170.18, subds. (a), (b) ); (3) it allows people who have finished serving a qualified felony sentence to ask the court to reclassify the conviction as a misdemeanor (Pen.Code, § 1170.18, subds. (f) -(h) ); and (4) it creates a Safe Neighborhoods and Schools Fund to be financed with savings generated by the changes to the sentencing laws ( *467 Gov.Code, § 7599 et seq. ). (Ballot Pamp., supra, text of Prop. 47, § 3, p. 70.)
As relevant to the present case, though Proposition 47 purported to reduce the penalties for grand theft, it did not directly amend any substantive theft statute. (Ballot Pamp., supra, analysis of Prop. 47 by Legis. Analyst, p. 35 ["Specifically, the measure reduces the penalties for the following crimes: [¶] Grand Theft."].) Instead, the initiative added a new provision to the Penal Code chapter dealing with theft. (§ 490.2 ; see Pen.Code, § 484 et seq. ) The new provision provides, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor" unless the defendant has been convicted of a specified violent or serious crime. (§ 490.2.)
Under Penal Code section 1170.18, a defendant currently serving a felony sentence for a crime that would have been a misdemeanor under Proposition 47 may petition for resentencing in accordance with the provisions of the Act, including Section 490.2. (Pen.Code, § 1170, subds. (a) -(b).) The issue before us is whether Section 490.2 applies to felony convictions under Section 10851. We conclude it does not.[3]
*1106 2. Principles of Statutory Construction
As with any case involving statutory interpretation, our primary goal is to ascertain and effectuate the lawmakers' intent. (People v. Park (2013) 56 Cal.4th 782, 796, 156 Cal.Rptr.3d 307, 299 P.3d 1263.) Because Proposition 47 was enacted by the electorate, it is the voters' intent that controls. (Ibid. ) "Nonetheless, our interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature." (Ibid. )
To determine intent, we first examine the statutory language and give the words their ordinary meaning. (People v. Park, supra, 56 Cal.4th at p. 796, 156 Cal.Rptr.3d 307, 299 P.3d 1263.) "Words and phrases must be construed according to the context and the approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, must be construed according to such peculiar and appropriate meaning." (Pen.Code, § 7, subd. (16).) If the statutory language is unambiguous, its plain meaning controls; if the statutory language is ambiguous, we may refer to " 'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' " (People v. Rizo (2000) 22 Cal.4th 681, 685, 94 Cal.Rptr.2d 375, 996 P.2d 27.)
3. Obtaining Property by Theft
As enacted by Proposition 47, Section 490.2 neither redefines nor establishes a substantive theft offense. Instead, "theft" is defined in Penal Code section 484, subdivision (a), which provides: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or *468 real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft." (See People v. Davis (1998) 19 Cal.4th 301, 304-305, 79 Cal.Rptr.2d 295, 965 P.2d 1165 [Pen.Code, § 484 consolidates several formerly distinct offenses into the single crime of theft, including larceny and theft by trick].) Penal Code section 490a, in turn, provides that any law referring to larceny, embezzlement, or stealing is a theft offense. (Pen.Code, § 490a.)
The statute's reference to various "felonious[ ]" takings imports the common law's specific intent requirement into Penal Code section 484's designations of these takings as thefts. ( *1107 People v. Avery (2002) 27 Cal.4th 49, 55, 58, 115 Cal.Rptr.2d 403, 38 P.3d 1 (Avery ).) To steal or "obtain[ ] property by theft," a defendant must take the property with the specific intent "to permanently deprive the owner of possession." (People v. Davis, supra, 19 Cal.4th at p. 305, 79 Cal.Rptr.2d 295, 965 P.2d 1165 ; Avery, supra, at p. 54, 115 Cal.Rptr.2d 403, 38 P.3d 1 ["California courts have long held that theft by larceny requires the intent to permanently deprive the owner of possession of the property."].[4] ) Without "a specific intent to steal, i.e., an intent to deprive an owner permanently of his property," "[t]he taking of property is not theft[.]" (People v. Butler (1967) 65 Cal.2d 569, 572-573, 55 Cal.Rptr. 511, 421 P.2d 703, overruled on other grounds by People v. Tufunga (1999) 21 Cal.4th 935, 956, 90 Cal.Rptr.2d 143, 987 P.2d 168 ; see People v. Matlock (1959) 51 Cal.2d 682, 694, 336 P.2d 505 ["It is elementary that the taking of property is not theft in the absence of an intent to steal."].)
Every theft offense is either grand theft or petty theft-and the punishment options depend on the degree of the crime. (Pen.Code, § 486.) A defendant commits grand theft, a wobbler, "[w]hen the money, labor, or real or personal property taken" exceeds $950. (Pen.Code, § 487, subd. (a).) Before the passage of Proposition 47, however, not all theft crimes were subject to the $951 grand-theft minimum. Theft of some property became grand theft at a lower value threshold; for example, a defendant only had to steal $250 worth of "domestic fowls, avocados, olives, citrus," or other produce to be guilty of grand theft. (§ 487, subd. (b)(1) ; see § 487, subd. (b)(2) [$250 worth of aquacultural products from a commercial or research operation].) And theft of other types of property was deemed grand theft regardless of value. For example, every theft of a "hog, sow, boar, gilt, barrow, or pig" was designated grand theft (Pen.Code, § 487a ), as was theft of "gold dust, amalgam, or quicksilver" from "any mining claim, tunnel, sluice, undercurrent, riffle box, or sulfurate machine" (Pen.Code, § 487d ). (See People v. Whitmer (2014) 230 Cal.App.4th 906, 918, 179 Cal.Rptr.3d 112 ["It is well established that the Legislature's intent regarding this provision was to designate theft of the enumerated items as grand theft regardless of their value."].)
Any theft not defined as grand theft is petty theft, a misdemeanor (Pen.Code, § 488 )-and Section 490.2 redefines petty *469 theft. As discussed, Section 490.2 reduces the possible punishment for defendants convicted of "obtaining property by theft" worth less than $951. The statute provides: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft" worth less than $951 "shall be considered petty theft and shall be punished as a misdemeanor." *1108 The first clause-"Notwithstanding Section 487 or any other provision of law defining grand theft"-is a nonrestrictive phrase, set off with a comma; the rest of the sentence is an independent clause. (See Garner, Garner's Dictionary of Legal Usage (3d ed. 2011) pp. 782, 888-889 [restrictive and nonrestrictive clauses].) Because the nonrestrictive phrase does not limit the rest of the sentence, the plain language of Section 490.2 stands on its own. It provides, "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." (§ 490.2, subd. (a).) As defendant notes, this language is "exceedingly broad"; on its face, Section 490.2 reclassifies the array of criminal behavior described in the theft statutes as petty theft whenever the stolen property is worth less than $951.
Applying these principles to the issue before us, to convict a defendant of either grand theft or petty theft of an automobile, the People must prove the defendant intended to permanently deprive the owner of possession of his car. (Pen.Code, § 484.[5] ) A violation of Section 10851, on the other hand, does not require this intent. Indeed, the main difference between the two offenses is the required mens rea-the gravamen of a theft crime.
A violation of Section 10851, subdivision (a) requires proof of the following elements:
1. The defendant took or drove someone else's vehicle;
2. The owner did not consent to the taking or driving; and
3. The defendant intended to deprive the owner of possession or ownership for any period.
Section 10851"proscribes a wide range of conduct." (People v. Jaramillo (1976) 16 Cal.3d 752, 759, 129 Cal.Rptr. 306, 548 P.2d 706.) "[A] person can violate that section by driving or taking a vehicle. The acts constituting driving a vehicle and taking a vehicle are separate and distinct." (People v. Barrick (1982) 33 Cal.3d 115, 135, 187 Cal.Rptr. 716, 654 P.2d 1243 (Barrick ).)
In this context, "taking" is not a synonym for stealing; it is a legal term of art describing one element of theft by larceny. (People v. Gomez (2008) 43 Cal.4th 249, 255, 74 Cal.Rptr.3d 123, 179 P.3d 917.) Taking "has two aspects: (1) achieving possession of the property, known as 'caption,' and (2)
*1109 carrying the property away, or 'asportation.' " (Ibid. ) Therefore, if a defendant takes or drives a vehicle with the intent to deprive the owner of possession temporarily , he has not committed theft. (People v. Garza (2005) 35 Cal.4th 866, 871, 28 Cal.Rptr.3d 335, 111 P.3d 310 (Garza ); Barrick, supra, 33 Cal.3d at p. 135, 187 Cal.Rptr. 716, 654 P.2d 1243.) On the other hand, if he takes or drives the vehicle with the intent to deprive the owner of possession permanently -that is, with the intent to steal *470 it-he has committed a theft offense. (Garza, supra, at pp. 871, 876, 878-879, 880-881, 28 Cal.Rptr.3d 335, 111 P.3d 310.) Put another way, every car thief necessarily violates Section 10851, but a defendant who takes or drives a vehicle is not necessarily a car thief. (Ibid. )[6]
Regardless of the definitional boundaries of the phrase "obtaining any property by theft"-an issue we need not and do not reach-Section 490.2 indisputably applies only to theft offenses. Because driving or taking a vehicle with the intent to deprive the owner of temporary possession is not theft, defendants convicted of this form of Section 10851 are ineligible for resentencing under Proposition 47. However, neither the grammatical structure of Section 490.2 nor the statutory definition of theft resolves the question of whether defendants convicted of Section 10851 under a theft theory are eligible for resentencing. As discussed in the next section, we conclude, as a matter of statutory interpretation, that all convictions under Section 10851-including those committed with the intent to deprive the owner of permanent possession of a vehicle-are ineligible for reduction in accordance with section eight of Proposition 47. (See Ballot Pamp., supra, text of Prop. 47, § 8 [adding § 490.2 ].)
4. Proposition 47 Must Be Considered As a Whole To Harmonize All of Its Provisions
Although we look first at the words of a statute, we do not consider the statutory language in isolation; rather, we read the statute "as a whole, harmonizing the various elements by considering each clause and section in the context of the overall statutory framework." (People v. Jenkins (1995) 10 Cal.4th 234, 246, 40 Cal.Rptr.2d 903, 893 P.2d 1224.) We construe all parts of a statute together, without according undue importance to a single or *1110 isolated portion. (Cooley v. Superior Court (2002) 29 Cal.4th 228, 127 Cal.Rptr.2d 177, 57 P.3d 654 (Cooley ).) Where statutes are inconsistent, we attempt to provide a harmonious interpretation, and give effect to every provision, so that one section does not destroy another. (People v. Jenkins, supra, at p. 246, 40 Cal.Rptr.2d 903, 893 P.2d 1224 ; see 2A Sutherland Statutory Construction (7th ed., rev. Apr. 2014) § 46:6, pp. 238-252.)
4.1 Rule Against Surplusage
"Significance should be given, if possible, to every word of an act." (Delaney v. Superior Court (1990) 50 Cal.3d 785, 798, 268 Cal.Rptr. 753, 789 P.2d 934.) "Conversely, a construction that renders a word surplusage should be avoided." (Id. at p. 799, 268 Cal.Rptr. 753, 789 P.2d 934.) "A word or phrase will be given the same meaning each time it appears in a statute." (Cooley, supra, 29 Cal.4th at p. 255, 127 Cal.Rptr.2d 177, 57 P.3d 654.)
Proposition 47 amended Penal Code section 666, petty theft with prior, and reduced *471 the maximum prison sentence from three years to one year. Eligible predicates include prior convictions for "petty theft, grand theft, ... auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery," and receiving stolen property. (Pen.Code, § 666, subd. (a).) To interpret Proposition 47 as a symmetrical, coherent scheme, in which operative words are used consistently throughout, we must accord "petty theft" and "grand theft" the same meaning in both section eight (adding § 490.2 ) and section 10 (amending § 666 ). (See Ballot Pamp., supra, text of Prop. 47, §§ 8, 10.) The inclusion of "auto theft under Section 10851 of the Vehicle Code [ ]" alongside "grand theft" and "petty theft" in section 666 is therefore a significant indication that the voters did not consider Section 10851 a variety of petty theft. If the initiative drafters considered "auto theft under Section 10851" a species of petty theft-a term they defined in section eight (adding § 490.2 )-there would have been no need to designate it as a separate predicate in section 10 (amending § 666 ). (See Bradwell v. Superior Court (2007) 156 Cal.App.4th 265, 272, 67 Cal.Rptr.3d 163 (Bradwell ) [statute's inclusion of both "[g]rand theft of any type" and "[f]elony welfare fraud" indicates welfare fraud is not a form of grand theft].)
This construction harmonizes the initiative's provisions and gives effect to every word. Conversely, interpreting Section 490.2 to encompass Section 10851 would render portions of the initiative surplusage.[7] We therefore *1111 conclude Section 490.2 does not apply to Section 10851. (Cooley, supra, 29 Cal.4th at p. 249, 127 Cal.Rptr.2d 177, 57 P.3d 654 [courts should give meaning to every word of a statute and avoid a construction making any word surplusage].)
4.2 Particular Provisions Qualify General Provisions
" 'It is well settled ... that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.' " (San Francisco Taxpayers Assn. v. Board of Supervisors (1992) 2 Cal.4th 571, 577, 7 Cal.Rptr.2d 245, 828 P.2d 147 quoting Rose v. State of California (1942) 19 Cal.2d 713, 723-724, 123 P.2d 505 ; see Pen.Code, § 7.5 [where statutes conflict, preference for particular over general].) "In effect, the special statute is interpreted as creating an exception to the general statute for conduct that otherwise could be prosecuted under either statute." (People v. Murphy (2011) 52 Cal.4th 81, 86, 127 Cal.Rptr.3d 78, 253 P.3d 1216 (Murphy ) interpreting *472 In re Williamson (1954) 43 Cal.2d 651, 654, 276 P.2d 593.) Just as we may not divorce one section of Proposition 47 from the rest of the initiative, in the event a broader law conflicts with a specific one, the specific controls. (People v. Johnson (2002) 28 Cal.4th 240, 121 Cal.Rptr.2d 197, 47 P.3d 1064.)
In Bradwell v. Superior Court, the court of appeal addressed whether welfare fraud (Welf. & Inst.Code, § 11483 ) was a theft offense. (Bradwell, supra, 156 Cal.App.4th at pp. 269-273, 67 Cal.Rptr.3d 163.) The court reasoned that because welfare fraud contained all the statutory elements of theft, it was a theft offense, and therefore a predicate crime under the plain meaning of former section 666. (Id. at p. 269, 67 Cal.Rptr.3d 163.) However, because welfare fraud was a special statute that included the same subject matter as the more general theft statute, and was part of a unique statutory scheme, the court concluded it was an exception to the general theft provision, and could not be classified as either petty theft or grand theft. (Id. at pp. 269-273, 67 Cal.Rptr.3d 163.)
Likewise, in Murphy, the California Supreme Court held that Vehicle Code section 10501, filing a false vehicle-theft report, was an exception to a more general statute, Penal Code section 115, which prohibits filing a false *1112 instrument in a public office. (Murphy, supra, 52 Cal.4th at pp. 85-95, 127 Cal.Rptr.3d 78, 253 P.3d 1216.) The Court reasoned, "Penal Code section 115 is more general than Vehicle Code section 10501 because it applies to a broader range of documents that may be filed in any public office [,]" and a violation of Vehicle Code section 10501 would commonly result in a violation of Penal Code section 115. (Id. at pp. 88-89, 127 Cal.Rptr.3d 78, 253 P.3d 1216.)
Here, Penal Code section 484 prohibits the "felonious[ ]" taking of personal property-of which cars are but one variety. Section 10851 on the other hand, targets specific car-related behavior-driving or taking a vehicle-that may also violate Penal Code section 484. Moreover, Section 10851 is a cornerstone of a detailed statutory scheme encompassing public safety, tow-truck regulations, stolen-vehicle recovery, and car insurance. (See, e.g., Vehicle Code division four [Special Antitheft Laws (Veh.Code, § 10500 et seq. ) ]; Motor Vehicle Theft Prevention Act, Veh.Code, § 10900 et seq. ) If the electorate intended to reclassify some violations of Section 10851, it would not do so, without comment, via a general Penal Code provision defining petty theft. Therefore, to the extent Section 10851 may be violated in a way that brings it within Penal Code sections 484 and 490.2, we conclude the specific rule of Section 10851 is an exception to the general rule announced in Section 490.2, subdivision (a). (See Bradwell, supra, 156 Cal.App.4th at p. 272, 67 Cal.Rptr.3d 163 ["Although welfare fraud is like other fraudulent theft in terms of conduct, it differs in terms of context[,]" in part because of the " 'unique statutory scheme' " that blends noncriminal and criminal resolutions].)
Faced with the plain meaning of Section 490.2, which excludes Section 10851 offenses from Proposition 47 relief, defendant argues that the voters must have intended the temporary deprivation of property worth less than $951 to be petty theft given that the permanent deprivation of property worth less than $951 is now petty theft. (Citing Ballot Pamp., supra, text of Prop. 47, § 15 ["This act shall be broadly construed to accomplish its purposes."], § 18 ["This act shall be liberally construed to effectuate its purposes."].). We decline defendant's invitation *473 to expand Section 490.2 to include Section 10851.[8] *1113 First, defendant's argument is based on the premise that a lesser-included offense is always less serious than a greater offense, and therefore inevitably warrants a lesser punishment. While Section 10851 is a lesser-included offense of grand theft auto (Barrick, supra, 33 Cal.3d at p. 128, 187 Cal.Rptr. 716, 654 P.2d 1243 ), defendant misconstrues the relationship between lesser and greater offenses. One offense is necessarily included in another if all of its elements are also elements of the greater offense. (People v. Sanchez (2001) 24 Cal.4th 983, 987, 103 Cal.Rptr.2d 698, 16 P.3d 118.) However, a lesser-included offense is not necessarily less serious than a greater offense; it simply has fewer statutory elements. (See People v. Wilkinson (2004) 33 Cal.4th 821, 839, 16 Cal.Rptr.3d 420, 94 P.3d 551 (Wilkinson ) [not irrational to punish lesser-included offense more severely than greater offense].)
Second, a criminal defendant has no vested interest in a specific term of imprisonment or in the designation a particular crime receives. (Wilkinson, supra, 33 Cal.4th at p. 838, 16 Cal.Rptr.3d 420, 94 P.3d 551.) "It is both the prerogative and the duty of the Legislature [or voters] to define degrees of culpability and punishment, and to distinguish between crimes in this regard." (People v. Turnage (2012) 55 Cal.4th 62, 74, 144 Cal.Rptr.3d 489, 281 P.3d 464.) "Courts routinely decline to intrude upon the broad discretion" such policy judgments entail. (People v. Ward (2005) 36 Cal.4th 186, 217, 30 Cal.Rptr.3d 464, 114 P.3d 717.) Further, the fact that "the prosecution elects to prosecute the accused for the offense carrying the most grievous penalty is no more a denial of the equal protection of the law than prosecution for sale of narcotics when conviction for possession of the same contraband could be sustained on the same evidence and, in fact, is often the end result of a plea bargain. Similarly, a car thief may not complain because he may have been subjected to imprisonment for more than 10 years for grand theft of an automobile (§§ 487, subd. 3, and 489 ) when, under the same facts, he might have been subjected to no more than 5 years under the provisions of section 10851 of the Vehicle Code." (People v. Romo (1975) 14 Cal.3d 189, 197, 121 Cal.Rptr. 111, 534 P.2d 1015.)
Third, to the extent defendant contends there is no rational basis for treating joyriding convictions more harshly than automobile theft convictions, this contention is not persuasive. There are sound reasons to treat the temporary deprivation of a vehicle differently than the theft of that same vehicle. (People v. Johnson, supra, 28 Cal.4th 240, 121 Cal.Rptr.2d 197, 47 P.3d 1064 [exclusion significant to show the voters' intent].) In general, the Vehicle Code is concerned with assuring public safety on California thoroughfares, whereas the Penal Code is concerned with wrongs to individual people. For example, *474 Vehicle Code section 10850 provides that the provisions of chapter 4, which includes Section 10851, "apply to vehicles upon the highways and elsewhere throughout the State." In turn, Vehicle Code section 360 defines a highway as a "way or place of whatever nature, publicly maintained and open to the use of the *1114 public for purposes of vehicular travel." By punishing taking or driving a vehicle without the intent to deprive the owner of permanent title or possession, Section 10851 addresses dangers to the public. Such dangers are not encompassed by standard theft statutes, which focus on particular victims-the owners of stolen personal property. Undoubtedly, the unexpected loss of a vehicle directly affects the safety and welfare of individual vehicle operators and owners, but it also places the public at risk if, for example, the car is driven recklessly or used to commit another crime. Just as a vehicle can be a dangerous weapon, joyriding can jeopardize public safety. (See People v. Linares (2003) 105 Cal.App.4th 1196, 129 Cal.Rptr.2d 882 [attempted murder by auto]; Veh.Code, § 13351.5 [requiring lifetime revocation of driver's license upon conviction of assault with a deadly weapon by means of a vehicle].)
In sum, felony prosecutions under Section 10851 serve important public safety and deterrence functions that differ from those served by prosecutions for theft. It is thus reasonable for the Legislature to afford prosecutors the discretion to prosecute joyriders as felons rather than misdemeanants.
DISPOSITION
The order denying defendant's petition for recall and resentencing is affirmed.
I CONCUR:
JONES, J.*

The information charged four defendants, in a variety of configurations, with 18 counts. The co-defendants are not parties to this appeal.

As the Legislative Analyst explained, "some crimes ... can be charged as either a felony or a misdemeanor. These crimes are known as 'wobblers.' Courts decide how to charge wobbler crimes based on the details of the crime and the criminal history of the offender." (Ballot Pamp., supra,analysis of Prop. 47 by Legis. Analyst, p. 35.)

There is a split of authority on whether Section 10851 is a reducible offense under Proposition 47. The issue is pending before the California Supreme Court in People v. Page,review granted January 27, 2016, S230793.

In Avery, the Court held that although theft requires an intent to permanently deprive the owner of property, this requirement may be satisfied by the intent to take the property temporarily, "but for so extended a period of time as to deprive the owner of a major portion of its value or enjoyment." (Avery, supra,at p. 52, 115 Cal.Rptr.2d 403, 38 P.3d 1.)

Penal Code section 487, subdivision (d)(1) classifies auto theft as a grand theft offense. However, like Section 490.2, section 487 is not itself a substantive crime. (People v. Ortega(1998) 19 Cal.4th 686, 696, 80 Cal.Rptr.2d 489, 968 P.2d 48 ["Grand theft ... is not a separate offense, but simply the higher degree of the crime of theft."].)

We disagree with the concurrence's reading of Garza on this point. (Conc. opn. post,at fn. 2.) Garza held that "takinga vehicle with the intent to permanently deprive the owner of possession is a form of theft," but "unlawful drivingof a vehicle is not a form of theft...." (Garza, supra,35 Cal.4th at p. 871, 28 Cal.Rptr.3d 335, 111 P.3d 310.) Garza did not address taking a vehicle with the intent to temporarily deprive the owner of possession. Therefore, Garza is not authority for the proposition that "[t]here can be no 'taking' a vehicle under Vehicle Code section 10851, subdivision (a), without the intent to permanently deprive." (Conc. opn. post,at fn. 2; see People v. Guevara(2004) 121 Cal.App.4th 17, 27, 16 Cal.Rptr.3d 738 ["cases may not be used for propositions not considered"].)

The concurrence misinterprets our analysis on this point. (See conc. opn. post,at pp. 474-75.) As discussed at length above, while every theft offense is either grand theft or petty theft, grand theft and petty theft are not substantive crimes; they are two degrees of a variety of theft offenses. (Pen.Code, § 486 ["Theft is divided into two degrees, the first of which is termed grand theft; the second, petty theft."]; see opn. ante,at pp. 467-69.) Accordingly, theft of a vehicle worth less than $951 cannotbe petty theft unless theft of a vehicle worth more than $950 is alsogrand theft. That is, if Section 10851 can be a type of petty theft, Section 10851 must also be a type of grand theft. For these reasons, we disagree with the concurrence's belief that "[t]he electorate had to include the reference to Vehicle Code section 10851 in order to cover the circumstance in which the Vehicle Code section 10851 violation was based on the theft of a vehicle valued at over$950." (Conc. opn. post,at p. 475.)

Defendant also contends the rule of lenity, "whereby courts must resolve doubts as to the meaning of a statute in a criminal defendant's favor," compels a different result. (Avery, supra,27 Cal.4th at p. 57, 115 Cal.Rptr.2d 403, 38 P.3d 1.) " 'The rule of statutory interpretation that ambiguous penal statutes are construed in favor of defendants is inapplicable unless two reasonable interpretations of the same provision stand in relative equipoise, i.e., that resolution of the statute's ambiguities in a convincing manner is impracticable.' [¶] Thus, although true ambiguities are resolved in a defendant's favor, an appellate court should not strain to interpret a penal statute in defendant's favor if it can fairly discern a contrary legislative intent." (Id.at p. 58, 115 Cal.Rptr.2d 403, 38 P.3d 1.) We conclude the rule of lenity is unnecessary to resolve the issue before us.
Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.