Filed 5/12/16  P. v. Preciado CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY AGUILAR PRECIADO,<br><br>    Defendant and Appellant. | B265313<br><br>(Los Angeles County<br>Super. Ct. No. KA106424) |

APPEAL from an order of the Superior Court of Los Angeles County, Wade D. Olson, Judge.  Affirmed.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Anthony Aguilar Preciado pled no contest to felony driving or taking a vehicle under Vehicle Code section 10851, subdivision (a), and admitted the allegation that he suffered a prior conviction for a serious or violent felony. The court sentenced Preciado to 32 months in state prison. After California voters passed Proposition 47, the Safe Neighborhoods and Schools Act, Preciado petitioned the court for reduction of his felony conviction for driving or taking a stolen vehicle to a misdemeanor. The court denied Preciado's petition, finding that a violation of Vehicle Code section 10851, subdivision (a), is not a theft offense qualifying for reduction of sentence under Proposition 47. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Preciado was arrested after police caught him driving a forklift while trying to leave a construction site. Preciado had removed the forklift's ignition switch, which the police found in his pocket.

Preciado was charged with one count of felony driving or taking a vehicle under Vehicle Code section 10851, subdivision (a). It was alleged that, in 1995, Preciado had suffered a prior felony conviction for robbery (Pen. Code, § 211), a serious or violent felony under Penal Code sections 667.5, subdivisions (b)-(j) and 1170.12, subdivision (b). On July 15, 2014, Preciado pled no contest to the felony driving or taking a vehicle charge and admitted the prior serious or violent felony conviction allegation. The court sentenced Preciado to 32 months in state prison and ordered him to pay, among other fines and fees, a $300 restitution fine under Penal Code section 1202.4, subdivision (b).

On April 20, 2015, Preciado filed a petition to reduce his felony conviction to a misdemeanor. (Pen. Code, § 1170.18, subd. (a)). Although Preciado did not check the box alleging that the property at issue in his conviction was worth less than $951, he handwrote on his petition, "The owner got the car back, rest'n order was for $300."

On May 20, 2015, the court held a hearing on Preciado's petition. The court denied the petition, stating, "This charge does not apply to the Prop. 47. This is

2

a joyride, [Vehicle Code section] 10851[, subdivision (a)]. Taking or driving a vehicle. Therefore, the petition in this matter is denied." Preciado filed a timely appeal.

**DISCUSSION**

### 1. Proposition 47

Proposition 47 reduces certain drug and theft-related offenses to misdemeanors, unless a defendant is otherwise ineligible. (Pen. Code, § 1170.18, subds. (a)-(c).) "These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Under Penal Code section 1170.18, an individual who was previously convicted of a qualifying felony may petition the trial court to have that conviction reduced to a misdemeanor. (*Id*. at p. 1092.) A petitioner who satisfies the criteria in section 1170.18 shall have his sentence recalled and be resentenced to a misdemeanor "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (Pen. Code, § 1170.18, subd. (b).)

Where, as here, a court's denial of a Proposition 47 petition involves only questions of statutory interpretation, we review that ruling de novo. (See *People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*) ["our review of this appeal is based solely on our interpretation of the statute, which we review de novo"].)

### 2. Vehicle Code section 10851 is not a qualifying theft offense under Proposition 47

Preciado contends Penal Code section 490.2, which was added by Proposition 47 and which reduces the penalty for "obtaining any property by theft" where the value of the property taken does not exceed $950 to a misdemeanor, applies to violations of Vehicle Code section 10851, subdivision (a), where the vehicle is taken by means of theft.[1] Specifically, Preciado contends the "broad language" of Proposition 47 and the

---

[1] Penal Code section 490.2 reclassifies as petty theft a class of crimes that, prior to Proposition 47's enactment, were considered grand theft, and it reduces the punishment

3

voters' intent in enacting the law support his reading of Penal Code section 490.2. Preciado argues the trial court erred in denying his resentencing petition because he committed a theft when violating Vehicle Code section 10851, subdivision (a).

We recently rejected the same arguments in *People v. Solis* (2016) 245 Cal.App.4th 1099 (*Solis*). In *Solis*, we held that a violation of Vehicle Code section 10851, even if committed by means of theft, does not qualify for reduction of sentence under Penal Code section 490.2. (*Solis*, *supra*, 245 Cal.App.4th at pp. 1109-1114.) Applying principles of statutory construction, we determined California voters intended to exclude all violations of Vehicle Code section 10851 from the scope of Penal Code section 490.2. (*Ibid.*)

First, applying the "rule against surplusage," we looked to the language of Penal Code section 666, commonly known as "petty theft with a prior," which was amended by Proposition 47. (*Solis*, *supra*, 245 Cal.App.4th at pp. 1110-1111.) In listing eligible predicate offenses for petty theft with a prior, Penal Code section 666 now distinguishes between petty theft, grand theft, and auto theft under Vehicle Code section 10851. (*Id*. at p. 1110.) We concluded that the voters' inclusion of auto theft under Vehicle Code section 10851 as a predicate offense that is distinct from both petty theft and grand theft demonstrates that the voters viewed auto theft under Vehicle Code section 10851 as a different type of theft. (*Id*. at pp. 1110-1111.) Thus, the voters did not intend for felony violations of Vehicle Code section 10851 to be reducible to misdemeanors under Penal Code section 490.2. (*Ibid.*)

---

for those crimes to a misdemeanor. The statute provides in relevant part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (Pen. Code, § 490.2, subd. (a).)

Second, we compared Vehicle Code section 10851 to Penal Code section 484, the statute generally defining theft. (*Solis*, *supra*, 245 Cal.App.4th at pp. 1111-1112.) We recognized Vehicle Code section 10851 defines a more specific set of crimes than does Penal Code section 484, particularly those involving the unlawful taking and driving of vehicles. (*Ibid.*) We also observed that the Vehicle Code is designed to address issues distinct from those addressed by the Penal Code, specifically issues of safety of public highways, the regulation of tow trucks, car insurance, and the recovery of stolen vehicles. (*Ibid.*) Because Vehicle Code section 10851 targets a more specific form of theft than what is addressed by Penal Code section 484, and because it does so with purposes distinct from the theft provisions included in the Penal Code, we concluded that the voters did not intend to make Vehicle Code section 10851 a reducible offense under Penal Code section 490.2. (*Ibid.*) Had the voters intended to do so, they would have made their intent explicit in enacting Proposition 47. (*Ibid.*)

Third, we rejected the argument that the voters intended to make Vehicle Code section 10851 a reducible offense under Penal Code section 490.2 because it is a lesser-included offense of Penal Code section 487, subdivision (d)(1), commonly known as "grand theft auto," which is a reducible offense under Penal Code section 490.2. (*Solis*, *supra*, 245 Cal.App.4th at pp. 1112-1113.) We observed that a lesser-included offense may, in some instances, be a more *serious* crime than the greater offense, and, as a result, the legislature may decide to punish the lesser-included offense more severely. (*Ibid.*) Accordingly, the fact that Vehicle Code section 10851 is a lesser-included offense of Penal Code section 487 does not demonstrate that the voters intended to make Vehicle Code section 10851 a reducible offense under Proposition 47. (*Ibid.*)

Preciado does not offer any arguments that were not considered and addressed in *Solis*. Accordingly, for the same reasons expressed in *Solis*, we conclude the trial court properly found Preciado's conviction for a felony violation of Vehicle Code section 10851 is not reducible to a misdemeanor under Proposition 47. We therefore do

not need to reach the issue of whether Preciado met his burden of showing that the value of the stolen property was less than $951.

## DISPOSITION

The trial court's order denying Preciado's petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

HOGUE, J.*

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6