Filed 5/25/16  P. v. Hawkins CA4/2
See Dissenting and Concurring Opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063648 |
| v. | (Super.Ct.No. FVI024842) |
| RYAN JAMES HAWKINS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Seth Friedman, Sabrina Y. Lane-Erwin and Kristen Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Ryan James Hawkins challenges the denial of his petition to have his 2006 conviction for attempted unlawful driving of a vehicle (Veh. Code, § 10851, subd. (a); Pen. Code, § 664) designated as a misdemeanor pursuant to Proposition 47, the Safe Neighborhoods and Schools Act. (Pen. Code, § 1170.18, subd. (f).) He contends that both the statutory language added by Proposition 47 and equal protection principles require that he be deemed eligible for relief. We affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

On November 15, 2006, defendant pleaded no contest to a felony count of attempted unlawful driving of a vehicle (Veh. Code, § 10851, subd. (a); Pen. Code, § 664), admitted a prior strike conviction (Pen. Code, § 1170.12, subds. (a)-(d)), and was sentenced to four years in prison.

On April 22, 2015, defendant filed a petition seeking to have his conviction designated as a misdemeanor pursuant to Proposition 47. On May 15, 2015, the trial court denied the petition.

## II. DISCUSSION

The issue of whether a felony conviction under Vehicle Code section 10851 comes within the ambit of Proposition 47 is one that has divided the Courts of Appeal, and which the California Supreme Court will decide.[1] Recognizing that reasonable minds

_____

[1] The issue of whether Penal Code section 1170.18 applies to Vehicle Code section 10851 convictions is presently before the California Supreme Court in *People v. Ortiz*, review granted and holding for lead case, March 16, 2016, S232344; *People v. Haywood*, review granted and holding for lead case, March 9, 2016, S231976; and *People v. Page*, review granted January 27, 2016, S230793. Several recent cases that are

*[footnote continued on next page]*

2

can differ on this matter, pending the Supreme Court's decision, we will adhere to this court's previous analysis: a defendant convicted of violating section 10851 is ineligible for resentencing under Proposition 47 as a matter of law, regardless of the facts of the crime.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  Proposition 47 provides retrospective relief for defendants who are either serving a sentence or have completed a sentence for a prior conviction, if the prior conviction would have been a misdemeanor under Proposition 47 "had [it] been in effect at the time of the offense."  (Pen. Code, § 1170.18, subds. (a) & (f).)

Vehicle Code section 10851 is a "wobbler" offense, punishable either as a felony or a misdemeanor.  (Veh. Code, § 10851, subd. (a); see *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 974, fn. 4 [listing Vehicle Code section 10851, subd. (a) as a statute that proves for "alternative felony or misdemeanor punishment"].)  The statutory language setting the punishment for violations of Vehicle Code section 10851 remains the same, before and after Proposition 47, and is not included among the

*[footnote continued from previous page]*
*[footnote continued from previous page]*
not yet final (and which we therefore do not rely on as precedent) are in accord with our analysis.  (*People v. Johnston* (May 6, 2016, C080099) ___Cal.App.4th___[2016 Cal.App. Lexis 370]; *People v. Solis* (2016) 245 Cal.App.4th 1099, petn. for review pending, petn. filed Apr. 27, 2016, S234150.)

enumerated sections amended or added by Proposition 47. (Veh. Code, § 10851, subd. (a); see Pen. Code, § 1170.18, subd. (a).) We therefore cannot say that defendant's Vehicle Code section 10851 conviction would have been a misdemeanor had Proposition 47 been in effect at the time of the offense. It follows that defendant's conviction is ineligible for designation as a misdemeanor under Penal Code section 1170.18.

Defendant contends that Vehicle Code section 10851 falls within the scope of Penal Code section 490.2, added by Proposition 47, which provides as follows: "Notwithstanding [Penal Code] Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (Pen. Code, § 490.2, subd. (a).) Defendant reads this language as broad enough to encompass "all low level thefts committed by defendants with no disqualifying prior convictions," and that any taking, whether with or without the intent permanently to deprive, is a "'theft' offense within the meaning of Proposition 47."

We disagree. Penal Code section 490.2 redefines a limited subset of offenses that would formerly have been grand theft to be petty theft. Vehicle Code section 10851 may be violated either by taking a vehicle with intent to steal it, or by driving it with the intent only to temporarily deprive the owner of its possession. (*People v. Garza* (2005) 35 Cal.4th 866, 876.) Depending on circumstances, therefore, a violation of Vehicle Code section 10851 may or may not be treated as a "theft conviction" for certain purposes. (*Garza*, *supra*, at p. 871.) Nevertheless, Vehicle Code section 10851 does not itself

4

proscribe theft of either the grand or petty variety, but rather the action of taking or driving a vehicle "with or without intent to steal." (Veh. Code, § 10851, subd. (a).) It therefore does not fall within the scope of Penal Code section 490.2.

Our analysis is supported by the circumstance that a statute amended by Proposition 47 explicitly treats Vehicle Code section 10851 convictions as separate from either grand or petty theft convictions. Proposition 47 amended Penal Code section 666, petty theft with a prior. (Pen. Code, § 666, see also *id.*, § 1170.18, subd. (a) [listing Pen. Code § 666 as among those sections amended or added by Proposition 47].) Eligible predicates include prior convictions for "petty theft, grand theft, . . . auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery," and receiving stolen property. (Pen. Code, § 666, subd. (a).) The inclusion of "auto theft under Section 10851 of the Vehicle Code" alongside "grand theft" and "petty theft" in a statute explicitly amended by Proposition 47 is a significant indication that Vehicle Code section 10851 convictions are not properly treated as either grand theft or petty theft convictions, for purposes of the Proposition 47 analysis.

Defendant contends that equal protection principles require that Vehicle Code section 10851 convictions be treated in the same manner as a convictions for grand theft auto in violation of Penal Code section 487, subdivision (d)(1). Not so. Applying rational basis scrutiny, the California Supreme Court has held that "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.)

5

Similarly, it has long been the case that "a car thief may not complain because he may have been subjected to imprisonment for more than 10 years for grand theft of an automobile [citations] when, under the same facts, he might have been subjected to no more than 5 years under the provisions of section 10851 of the Vehicle Code." (*People v. Romo* (1975) 14 Cal.3d 189, 197.) The same reasoning applies to Proposition 47's provision for the possibility of sentence reduction for a limited subset of those previously convicted of grand theft (those who stole an automobile or other personal property valued $950 or less), but not those convicted of unlawfully taking or driving a vehicle in violation of Vehicle Code section 10851. Absent a showing that a particular defendant "'has been singled out deliberately for prosecution on the basis of some invidious criterion,' . . . the defendant cannot make out an equal protection violation." (*Wilkinson*, *supra*, 33 Cal.4th at p. 839.) Defendant here has made no such showing.[2]

### III. DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

I concur:

CODRINGTON
                          J.

---

[2] Because we find defendant's conviction offense does not fall within the scope of Proposition 47, we need not discuss matters related to the valuation of the vehicle at issue, including without limitation whether remand for a hearing on valuation would be appropriate.

[*People v. Hawkins*, E063648]

MILLER, J., Dissenting and Concurring.

I respectfully dissent to that part of the majority opinion finding that Proposition 47 does not apply to all convictions under Vehicle Code section 10851. However, I concur in the result that defendant's petition to recall his sentence (Petition) was properly denied by the trial court. This decision is based on the ground that defendant failed to meet his burden of showing he was entitled to relief.

Proposition 47 added section 1170.18. Subdivision (a) of section 1170.18, provides in pertinent part, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

Under section 1170.18, subdivision (b) the trial court first determines whether the petition has presented a prima facie case for relief under section 1170.18, subdivision (a). If the petitioner satisfies the criteria in subdivision (a), then he will be resentenced to a misdemeanor, unless the court, within its discretion, determines the petitioner would pose an unreasonable risk to public safety. (§ 1170.18, subd. (b).)

1

Penal Code section 490.2 was added to the Penal Code. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Penal Code section 490.2 provides in pertinent part, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor."

As the majority states, Vehicle Code section 10851 is not listed in Penal Code section 1170.18. However, in *People v. Garza* (2005) 35 Cal.4th 866, the California Supreme Court "observed that [Vehicle Code] section 10851(a) 'proscribes a wide range of conduct.'" (*Id.* at p. 876.) In determining whether the defendant could be convicted of both a violation of Vehicle Code section 10851 and Penal Code section 496, subdivision (a), receiving the same stolen vehicle, the court noted, "[T]he crucial issue usually will be whether the [Vehicle Code] section 10851(a) conviction is for a theft or a nontheft offense. If the conviction is for the taking of the vehicle, with the intent to permanently deprive the owner of possession, then it is a theft conviction that bars a conviction of the same person under [Penal Code] section 496(a) for receiving the same vehicle as stolen property. Dual convictions are permissible, however, if the section 10851(a) conviction is for posttheft driving of the vehicle." (*Garza*, at p. 881.)

Based on this language, some violations of Vehicle Code section 10851 constitute theft offenses. Assuming that a defendant takes a vehicle with the intent to permanently deprive the owner of the vehicle and it is valued under $950, such violation should constitute a violation of Penal Code section 490.2, petty theft. I disagree with the

2

majority's conclusion that all violations of Vehicle Code section 10851 do not qualify under Proposition 47.

This conclusion is supported by the analysis of the Legislative Analyst for Proposition 47. "Under current law, theft of property worth $950 or less is often charged as petty theft, which is a misdemeanor or an infraction. However, such crimes can sometimes be charged as grand theft, which is generally a wobbler. For example, a wobbler charge can occur if the crime involves the theft of certain property (*such as cars*) or if the offender has previously committed certain theft-related crimes. This measure would limit when theft of property of $950 or less can be charged as grand theft. Specifically, such crimes would no longer be charged as grand theft solely because of the type of property involved or because the defendant had previously committed certain theft-related crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), p. 35, italics added.) Proposition 47 was intended to apply to those who steal cars that are valued under $950.

In the recent case of *People v. Solis* (2016) 245 Cal.App.4th 1099 (*Solis*), the appellate court addressed the same issue raised in this case. The appellate court acknowledged the different ways a person can violate Vehicle Code section 10851. It noted, "Because driving or taking a vehicle with the intent to deprive the owner of temporary possession is not theft, defendants convicted of this form of [Vehicle Code s]ection 10851 are ineligible for resentencing under Proposition 47. However, neither the grammatical structure of [Penal Code s]ection 490.2 nor the statutory definition of theft resolves the question of whether defendants convicted of [Vehicle Code s]ection 10851

3

under a theft theory are eligible for resentencing." (*Id.* at p. 1109.)  However, it rejected that Vehicle Code section 10851 was intended to be included as a petty theft under Proposition 47 based on the rules of statutory interpretation that any construction of a statutory scheme should avoid rendering a word in the scheme surplusage.  It found, "Proposition 47 amended Penal Code section 666, petty theft with prior, and reduced the maximum prison sentence from three years to one year.  Eligible predicates include prior convictions for 'petty theft, grand theft, . . . auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery,' and receiving stolen property.  (Pen. Code, § 666, subd. (a).)  To interpret Proposition 47 as a symmetrical, coherent scheme, in which operative words are used consistently throughout, we must accord 'petty theft' and 'grand theft' the same meaning in both section eight (adding [Pen. Code,] § 490.2) and section 10 (amending [Pen. Code,] § 666).  [Citation.]  The inclusion of 'auto theft under Section 10851 of the Vehicle Code []' alongside 'grand theft' and 'petty theft' in [Penal Code] section 666 is therefore a significant indication that the voters did not consider [Vehicle Code s]ection 10851 a variety of petty theft.  If the initiative drafters considered 'auto theft under Section 10851' a species of petty theft—a term they defined in section eight (adding [Pen. Code,] § 490.2)—there would have been no need to designate it as a separate predicate in section 10 (amending [Pen. Code,] § 666)." (*Solis*, *supra*, 245 Cal.App.4th at p. 1110.)

I do not agree that finding a violation of Vehicle Code section 10851 could be reduced to petty theft under Proposition 47 would render the reference to Vehicle Code section 10851 in Penal Code section 666 surplusage.  It is reasonable to conclude—based

4

on the language in *Garza*, which establishes Vehicle Code section 10851 proscribes a wide range of conduct—the electorate included Vehicle Code section 10851 in Penal Code section 666 for those instances where it does not constitute grand or petit theft.

Moreover, I also reject the conclusion in *Solis* that "[i]f the electorate intended to reclassify some violations of [Vehicle Code s]ection 10851, it would not do so, without comment, via a general Penal Code provision defining petty theft. Therefore, to the extent [Vehicle Code s]ection 10851 may be violated in a way that brings it within Penal Code sections 484 and 490.2, we conclude the specific rule of [Vehicle Code s]ection 10851 is an exception to the general rule announced in [Penal Code s]ection 490.2, subdivision (a)." (*Solis*, *supra*, 245 Cal.App.4th at p. 1112.) This ignores that the electorate directed Proposition 47 "shall be liberally construed to effectuate its purposes." (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1222.) The language in Penal Code section 490.2 broadly states that it applies to all provisions defining grand theft.

Despite finding that Proposition 47 applies to certain violations of Vehicle Code section 10851, I would find that defendant failed to meet his burden of establishing that his violation of Vehicle Code section 10851 constituted a theft offense. "[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878.)

To establish eligibility for resentencing under Penal Code section 1170.18, defendant had the initial burden of showing that the value of the vehicle was less than $950. Defendant failed to meet this burden. The record of conviction does not establish

5

this fact as he entered a guilty plea and waived his right to a probation referral. Additionally, defendant never stated in the Petition that the 2006 Ford 150 truck was valued at less than $950. As discussed *ante*, this evidence was crucial to establishing that defendant was eligible for resentencing. As such, since defendant failed to meet his burden, the trial court could deny the Petition on this ground.

MILLER                        

J.

6