Filed 6/3/16  P. v. Smith CA4/2
Opinion following rehearing

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063504 |
| v. | (Super.Ct.No. FVI800708) |
| CHARLES AUSTIN SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Coreen Ferrentino, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Sharon L. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

On November 4, 2014, the voters approved Proposition 47, The Safe Neighborhoods and Schools Act (Proposition 47). Proposition 47 reduced certain nonserious, nonviolent felonies to misdemeanors. Proposition 47 allows a person convicted of a felony prior to its passage, who would have been guilty of a misdemeanor under Proposition 47, to petition the court to reduce his or her felony to a misdemeanor and be resentenced.

On September 19, 2008, prior to the passage of Proposition 47, defendant and appellant Charles Austin Smith entered a guilty plea to a felony violation of attempted unlawful driving or taking a vehicle, a 1999 Toyota Camry, within the meaning of Penal Code section 664 and Vehicle Code section 10851. Defendant filed a one-page petition to recall his sentence (Petition) stating that his conviction of "VC 664/10851(a)" should be reduced to a misdemeanor. The trial court denied the Petition on the grounds that defendant's conviction was not eligible for resentencing under Proposition 47.

Defendant now claims on appeal as follows: (1) his conviction for violating Penal Code section 664/Vehicle Code section 10851 is properly considered a theft offense, which is a misdemeanor under the newly enacted Proposition 47; (2) the omission of Penal Code section 664/Vehicle Code section 10851 from Proposition 47 violates equal protection; and (3) his constitutional rights were violated when the trial court denied his Petition without holding a hearing and securing his presence at the hearing.

**FACTUAL AND PROCEDURAL HISTORY**

On April 9, 2008, an Information was filed against defendant in San Bernardino County case No. FVI800708, charging him with the unlawful driving or taking of a

2

vehicle in violation of Vehicle Code section 10851, subdivision (a). Specifically, he was charged with taking a 1999 Toyota Camry from Ernesto Guereque without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle. He was further charged with the crime of receiving stolen property, the same Toyota Camry, within the meaning of Penal Code section 496d, subdivision (a). It was further alleged as to both counts pursuant to Penal Code section 666.5 that he had previously been convicted of a violation of Penal Code section 496d, subdivision (a). It was also alleged that defendant had served three prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

On September 19, 2008, defendant signed a plea agreement in which he agreed to enter a plea of guilty to one count of "attempt unlawful driving or taking a vehicle" within the meaning of Penal Code section 664 and Vehicle Code section 10851, subdivision (a). On September 19, 2008, defendant pled guilty in open court to one count of attempted unlawful taking or driving of a motor vehicle, a felony violation of Penal Code section 664/Vehicle Code section 10851, subdivision (a). Counsel stipulated to and the trial court found the factual basis of the plea based on the preliminary hearing transcript. Defendant was sentenced to eight months in state prison. He was given 272 days of custody credit. As a result, he was discharged on the case. The remaining charges were dismissed. The abstract of judgment listed his conviction as "VC 664/10851(A) ATTEMPT: TAKE VE."

On April 9, 2015, defendant filed his Petition. It consisted of one page. Defendant requested a hearing date of May 1, 2015. The sole information on his

3

conviction provided in the Petition was as follows: "Defendant in the above-entitled case requests that, pursuant to Penal Code § 1170.18, the following felony violation(s) VC664/10851(a) be designated as misdemeanor(s)." He stated that he had completed his sentence. Defendant provided no additional facts or argument to the trial court.

On April 9, 2015, the People filed a one-page response to the Petition and stated, "Defendant is not entitled to the relief requested. Reason: [¶] VC 10851 is not affected by Prop 47."

On April 30, 2015, the trial court issued a one-page denial of the Petition. It did not conduct a hearing. It found, "PC 664/VC 10851(A) does not qualify under Prop 47, PC 1170.18. Petition denied." Defendant filed an amended notice of appeal from the denial of his Petition on May 14, 2015.

## DISCUSSION

Defendant's Petition filed in the trial court merely cited to his conviction of violating Penal Code section 664/Vehicle Code section 10851, and that it should be reduced to a misdemeanor. No further facts or argument regarding his eligibility for resentencing were presented in the Petition. On appeal, defendant contends the trial court erred by denying the Petition because the language of Proposition 47 is broadly inclusive and covers all theft-related offenses where the value of the stolen property is $950 or less. He insists that when a person violates Vehicle Code section 10851, subdivision (a) by taking a car with the intent to permanently deprive the owner of possession, "he in essence suffers a theft conviction." He further argues that since he was only convicted of an attempted violation of Vehicle Code section 10851, the value of the vehicle was

4

essentially zero. He contends he qualified for reduction of his felony conviction to a misdemeanor violation of Penal Code section 490.2.

While defendant's claims may in fact be true, I affirm the denial of defendant's Petition because he failed to meet his burden in the trial court of alleging facts that he was eligible for resentencing under Proposition 47. I further reject he has properly raised an equal protection claim. Finally, he was not entitled to a hearing on his eligibility to be resentenced.

## A.     INADEQUACY OF PETITION

"The voters approved Proposition 47 at the November 4, 2014 general election, and it became effective the next day." (*People v. Diaz.* (2105) 238 Cal.App.4th 1323, 1328.) "Proposition 47 'was intended to reduce penalties "for certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors."'" (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652.)

Proposition 47 added Penal Code section 1170.18. Subdivision (a) of Penal Code section 1170.18, provides in pertinent part, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Sections 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Under Penal Code section 1170.18, subdivision (b)

5

the trial court first determines whether the petition has presented a prima facie case for relief under Penal Code section 1170.18, subdivision (a). If the petitioner satisfies the criteria in subdivision (a), then he will be resentenced to a misdemeanor, unless the court, within its discretion, determines the petitioner would pose an unreasonable risk to public safety. (Pen. Code, § 1170.18, subd. (b).)

Penal Code section 1170.18, subdivision (f) provides: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." Penal Code section 1170.18, subdivision (h) provides: "Unless requested by the applicant, no hearing is necessary to grant or deny an application filed under subsection (f)."

Vehicle Code section 10851 is not listed in Penal Code section 1170.18, and the issue of whether a defendant is eligible for resentencing for a violation of that section is currently under review in the California Supreme Court in *People v. Page* (2015) 241 Cal.App.4th 714, review granted, January 27, 2016, S230793. I only briefly address the possibility that a violation of Vehicle Code section 10851 could be reduced to a misdemeanor under Proposition 47.

Section 490.2 was added to the Penal Code. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Penal Code section 490.2 provides in pertinent part, "Notwithstanding [Penal Code s]ection 487 *or any other provision of law defining grand*

6

*theft*, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." (Italics added.) Penal Code section 487, subdivision (a), provides that if the value of the money, labor, real or personal property taken exceeds $950, the offense is a felony. Penal Code section 487, subdivision (d)(1) provides that grand theft occurs if the property is an automobile, regardless of the value.

Penal Code section 1170.18 clearly states that a defendant must show he was convicted of a felony but would have been convicted of a misdemeanor if Proposition 47 had been in effect at the time of the offense. For an offense under Penal Code section 490.2, which was added to the Penal Code, defendant had to allege facts in the Petition that he would have been guilty of a misdemeanor violation of Penal Code section 490.2 rather than the felony conviction. It is true that Vehicle Code section 10851 is not listed in Penal Code section 1170.18. However, Vehicle Code section 10851 can be violated by the taking of a vehicle with the intent to permanently deprive the owner of the vehicle. Assuming that a defendant takes a vehicle valued under $950, such violation could constitute a violation of Penal Code section 490.2.

However, in this case, defendant failed to prove that the value of the vehicle in this case was under $950, or to allege any facts to support that he was eligible for resentencing. The petitioner has the burden of establishing eligibility for relief under Penal Code section 1170.18. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880 (*Sherow*).)

7

In *Sherow*, the defendant was ultimately convicted of five counts of second degree burglary, and filed a petition to recall his sentence, which was denied. As set forth in the opinion, "Sherow appeals challenging only the decision as to counts 1 and 2. He contends the record does not show the loss as to each count exceeded $950 and thus the two counts should be resentenced as misdemeanors. Sherow's petition sought resentencing as to all five counts without any separate discussion of the counts, no reference to facts or evidence and no argument." (*Sherow*, *supra*, 239 Cal.App.4th at p. 877.) The People responded that Sherow had failed to meet his burden under Penal Code section 1170.18 to show the losses did not exceed $950. (*Sherow*, at p. 877.) The defendant, in turn, argued that his "blanket request" to reduce his convictions to misdemeanors, without any discussion or elaboration, placed the burden on the prosecution to discern whether he was eligible for relief under Proposition 47. (*Id.* at p. 878.)

The *Sherow* court observed that, "Proposition 47 does not explicitly allocate a burden of proof." (*Sherow*, *supra*, 239 Cal.App.4th at p. 878.) The court stated that "applying established principles of statutory construction I believe a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing. In such cases, it is important to keep in mind a person . . . was validly convicted under the law applicable at the time of the trial of the felony offenses. It is a rational allocation of burdens if the petitioner in such cases bear[s] the burden of showing that he or she is eligible for resentencing of what was an otherwise valid sentence." (*Id.* at p. 878.)

8

The *Sherow* court also referred to background information prepared by "Judge J. Richard Couzens and Presiding Justice Tricia A. Bigelow" on Proposition 47, which provided, "'The petitioner will have the initial burden of establishing eligibility for resentencing under section 1170.18(a): i.e., whether the petitioner is currently serving a felony sentence for a crime that would have been a misdemeanor had Proposition 47 been in effect at the time the crime was committed. If the crime under consideration is a theft offense under sections 459.5, 473, 476a, 490.2 or 496, the petitioner will have the initial burden of proving the value of the property did not exceed $950.'" (*Sherow*, *supra*, 239 Cal.App.4th. at p. 879.)

The *Sherow* court determined that the defendant's petition, which gave "virtually no information" regarding his eligibility for resentencing, was properly denied. It further noted that "[a] proper petition could certainly contain at least [defendant's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination." (*Sherow*, *supra*, 239 Cal.App.4th at p. 880; accord *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449 ["Under *Sherow* [the defendant] had the burden to establish 'the facts, upon which his . . . eligibility [was] based[,]' i.e. that the value of the property he took from the store did not exceed $950"].)

Here, defendant's Petition only stated that he had been convicted of violating Penal Code section 664/Vehicle Code section 10851. No further facts regarding his eligibility for resentencing were provided. Defendant did not allege that although Vehicle Code section 10851 is not listed in Proposition 47, he was otherwise eligible

9

because his offense constituted a theft offense under Penal Code section 490.2. He did not allege that since he was convicted of an attempt crime, the value of the items taken was zero. Based on the foregoing, defendant was not entitled to resentencing under Penal Code section 1170.18 because he did not meet his burden of showing he was eligible for resentencing under Proposition 47.

B.      EQUAL PROTECTION

Defendant raises for the first time on appeal that the omission of Penal Code section 664/Vehicle Code section 10851 from Proposition 47 violates equal protection. Defendant argues that assuming the Proposition 47 voters intended to only reduce vehicle thefts under Penal Code section 487, subdivision (d)(1) to misdemeanors under Penal Code section 490.2, while leaving Vehicle Code section 10851 violations as felonies, such discrimination is impermissible under the Equal Protection Clause of the United States and California Constitutions.

"'The United States and California Constitutions entitle all persons to equal protection of the laws. [Citations.] This guarantee means "that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in like circumstances." [Citation.] A litigant challenging a statute on equal protection grounds bears the threshold burden of showing "that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner." [Citation.] Even if the challenger can show that the classification differently affects similarly situated groups, "[i]n ordinary equal protection cases not involving suspect classifications or the alleged infringement of a fundamental interest," the

10

classification is upheld unless it bears no rational relationship to a legitimate state purpose.'" (*People v. Singh* (2011) 198 Cal.App.4th 364, 369; see also *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199.)

I have not concluded in this case that a person who is convicted pursuant to Vehicle Code section 10851 is ineligible for resentencing under Penal Code section 1170.18, but a person who is convicted of violating Penal Code section 487, subdivision (d)(1) would be eligible for resentencing. Rather, I have concluded defendant was required to show that he would have been eligible to be convicted of the misdemeanor violation of Penal Code section 490.2 had it been in effect at the time he committed his offense. It is conceivable that a person who has been convicted of a violation of Vehicle Code section 10851, and files an adequate petition alleging the value of the vehicle taken was less than $950, and had the intent to permanently deprive the owner of the vehicle, could show he would have been guilty only of a violation of Penal Code section 490.2 at the time of the offense, and could be eligible for resentencing based on the language in the statute.

However, I simply cannot reach a decision in this case as to whether defendant was eligible for resentencing because defendant's Petition filed in the trial court never raised these issues and was woefully inadequate. Moreover, "As a general rule, only 'claims properly raised and preserved by the parties are reviewable on appeal.'" (*People v. Smith* (2001) 24 Cal.4th 849, 852.) I will not address defendant's equal protection claim, raised for the first time on appeal; even if I were to consider the issue, defendant failed to allege facts in the Petition to support his argument.

11

C.    RIGHT TO A HEARING

Defendant further contends that his constitutional rights were violated by the failure of the trial court to conduct a hearing and secure his presence at the hearing. Here, the only information before the trial court was that defendant had been convicted of an attempted unlawful taking or driving of a motor vehicle. It is clear, as set forth *ante*, that Vehicle Code section 10851 is not listed in Penal Code section 1170.18. Based on the face of the Petition, the trial court could determine that defendant was ineligible for resentencing, and no hearing was required. Defendant had to allege additional facts, i.e. that the value of the vehicle was under $950, or zero, as he now contends, and that his crime constituted a theft offense. The trial court here could summarily deny the Petition because it contained no facts or explanation how defendant was eligible for resentencing. (See *Sherow*, *supra*, 239 Cal.App.4th at p. 877; see also *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 6-7 [defendant not entitled to development of facts or hearing if trial court determined he was ineligible on the face of a Penal Code section 1170.126 petition for resentencing].)

Here, defendant's Petition gave the trial court no information as to the value of the property, or that his violation of Vehicle Code section 10851 was a theft offense. As alleged, the trial court did not err by concluding that since defendant had a conviction of violating Penal Code section 664/Vehicle Code section 10851, without more, he was not entitled to resentencing under Proposition 47.

12

## DISPOSITION

The trial court's order denying defendant's Petition to recall his sentence is affirmed. Nothing in this decision or in Penal Code section 1170.18 forecloses defendant's ability to file a new petition alleging sufficient facts to support his claim that his conviction should be reduced to a misdemeanor.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MILLER_____
                                                    Acting P. J.

**CODRINGTON, J.,** Concurring.

I concur with the lead opinion's disposition, affirming the trial court order denying defendant's petition for reclassification of his felony conviction as a misdemeanor, but respectfully disagree with its rationale and with Justice Slough's concurring opinion.

Defendant pled guilty to attempted unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a)[1]; Pen. Code, § 664). At the plea hearing, counsel stipulated the plea was based on the facts in the preliminary hearing transcript. After defendant completed his sentence, defendant filed a petition to reduce his felony conviction to a misdemeanor (petition). The trial court summarily denied defendant's petition on the ground defendant's section 10851 conviction was not eligible. The lead opinion affirms the trial court order denying defendant's petition.

I also respectfully disagree with the conclusion reached in the lead opinion and in Justice Slough's concurring opinion that a defendant convicted of a section 10851 conviction may qualify for resentencing or reclassification if the defendant establishes the value of the vehicle at issue does not exceed $950 and the defendant intended to permanently deprive the owner of the vehicle. It is my view that, as a matter of law, a section 10851 conviction is not eligible for resentencing or reclassification as a misdemeanor under Proposition 47, regardless of whether the defendant can show that the theft would have qualified as a petty theft under Penal Code section 490.2.

---

[1] Unless otherwise noted, all statutory references are to the Vehicle Code.

1

*A. Ineligibility of a Section 10851 Conviction Under Proposition 47*

Although the lead opinion suggests a section 10851 conviction is eligible for resentencing under Proposition 47, the lead opinion affirms denial of defendant's petition on the ground he did not meet his burden of proving the value of the stolen car did not exceed $950 and defendant intended to permanently deprive the owner of the vehicle. Justice Slough's concurrence agrees defendant did not meet his burden of proof but further discusses in depth the issue of eligibility of a section 10851 conviction for resentencing under Proposition 47. In doing so, Justice Slough's concurrence disagrees with the reasoning and holding in *People v. Solis* (2016) 245 Cal.App.4th 1099 (*Solis*). The *Solis* court holds that a defendant convicted of a section 10851 conviction is ineligible for resentencing under Proposition 47 as a matter of law, regardless of the facts of the crime. (*Id.* at p. 1109.)

I believe the holding in *Solis* is correct and is supported by well-reasoned analysis. The court in *Solis* concludes, "as a matter of statutory interpretation, that all convictions under Section 10851—including those committed with the intent to deprive the owner of permanent possession of a vehicle—are ineligible for reduction in accordance with section 8 of Proposition 47. (See Voter Information Guide, Gen. Elec.[ (Nov. 4, 2014)] text of Prop. 47, § 8, p. 72 [adding § 490.2].)" (*Solis, supra,* 245 Cal.App.4th at p. 1109.) The concurrence in *Solis* also provides compelling reasons for concluding "that convictions for violation of Vehicle Code section 10851 are not eligible for Proposition 47 resentencing pursuant to Penal Code section 1170.18." (*Solis*, at p. 1118 (conc. Opn. of Aldrich, J.).)

I recognize that the issue of eligibility of a section 10851 conviction is under review by the California Supreme Court in *People v. Page* (2016) 364 P.3d 410, and that reasonable minds can differ on this matter (*Solis, supra,* 245 Cal.App.4th at p. 1109 ["[N]either the grammatical structure of Section 490.2 nor the statutory definition of theft resolves the question of whether defendants convicted of Section 10851 under a theft theory are eligible for resentencing."].)

I anticipate our high court will grant review of the *Solis* case, as it has done with the majority of the Proposition 47 decisions. If this occurs, *Solis* will no longer constitute binding authority. Nevertheless, the majority opinion in *Solis* provides the better reasoned and more persuasive analysis. Therefore its rationale and holding should be followed. This is because Penal Code section 1170.18 does not include section 10851 as one of the enumerated offenses eligible for resentencing. The new petty theft provision, Penal Code section 490.2, added by Proposition 47, also does not mention that section 10851 is eligible to the limited extent a section 10851 offense might qualify as a petty theft under Penal Code section 490.2. Furthermore, section 10851 is not strictly a theft statute. It applies not only to thefts but also to non-theft offenses, such as driving someone's car without consent and without intent to permanently deprive the owner of the car.

In construing the intent of the electorate in passing Proposition 47, we must look to the language of Proposition 47 as a whole. (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 529-330.) In doing so, the *Solis* concurrence notes that, "when the Legislature—or here, the voters—'intend[] for a statute to prevail over all contrary law, it

3

typically signals this intent by using phrases like "notwithstanding any other law" or "notwithstanding other provisions of law." [Citations.]' [Citation.] Here, the electorate included such 'notwithstanding' language in regard to Penal Code section 487 and statutes defining grand theft, but not in regard to Vehicle Code section 10851. This omission suggests the electorate did not intend Penal Code section 490.2 to apply to Vehicle Code section 10851." (*Solis*, *supra,* 245 Cal.App.4th at p. 1118 (conc. Opn. of Aldrich, J.).)

In addition, applying the legal maxim that "a general provision is controlled by one that is special" (*Solis, supra,* 245 Cal.App.4th at p. 1111; *San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577), section 10851 should be construed as not falling within the purview of the more general petty theft statute, Penal Code section 490.2. "'A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.'" (*Solis,* at p. 1111; *San Francisco Taxpayers Assn.,* at p. 577.) Therefore, "to the extent Section 10851 may be violated in a way that brings it within Penal Code sections 484 and 490.2, we conclude the specific rule of Section 10851 is an exception to the general rule announced in Section 490.2, subdivision (a). (See *Bradwell*[ *v. Superior Court* (2007) 156 Cal.App.4th 265,] 272 ["'Although welfare fraud is like other fraudulent theft in terms of conduct, it differs in terms of context,' in part because of the '"unique statutory scheme"' that blends noncriminal and criminal resolutions.].)" (*Solis,* at p. 1112.)

Furthermore, as noted in *Solis,* "The inclusion of 'auto theft under Section 10851 of the Vehicle Code[]' alongside 'grand theft' and 'petty theft' in section 666 is therefore a significant indication that the voters did not consider Section 10851 a variety of petty theft. If the initiative drafters considered 'auto theft under Section 10851' a species of petty theft—a term they defined in section eight (adding § 490.2)—there would have been no need to designate it as a separate predicate in section 10 (amending § 666). (See *Bradwell v. Superior Court* (2007) 156 Cal.App.4th 265, 272 . . . [statute's inclusion of both '"[g]rand theft of any type"' and '"[f]elony welfare fraud"' indicates welfare fraud is not a form of grand theft].)" (*Solis, supra,* 245 Cal.App.4th at p. 1110.)

I also agree with *Solis* that "felony prosecutions under Section 10851 serve important public safety and deterrence functions that differ from those served by prosecutions for theft. It is thus reasonable for the Legislature to afford prosecutors the discretion to prosecute joyriders as felons rather than misdemeanants." (*Solis, supra,* 245 Cal.App.4th at p. 1114.) Although Proposition 47 amended other statutes to change specific offenses from wobblers to misdemeanors, a section 10851 offense remains a wobbler, punishable either as a felony or misdemeanor. (Veh. Code, § 10851, subd. (a); see *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 974, fn. 4 [listing Veh. Code, § 10851, subd. (a), as a statute that provides for "alternative felony or misdemeanor punishment"].)

Penal Code section 1170.18 provides a mechanism for a person "who would have been guilty of a misdemeanor," if Proposition 47 had been in effect at the time of the offense, to petition for resentencing in accordance with certain enumerated sections that

5

were amended or added by Proposition 47. (Pen. Code, § 1170.18, subd. (a).) Because section 10851 remains a wobbler, it cannot be said that defendant would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of his offense. Proposition 47 left intact the language in section 10851, subdivision (a), which makes a violation of that statute punishable as either a felony or a misdemeanor. Proposition 47 therefore does not apply to section 10851 conviction, because a defendant convicted of section 10851 would not necessarily have been guilty of a misdemeanor if Proposition 47 had been in effect at the time of the offense.

Although I recognize reasonable minds can differ on the issue of whether a section 10851 conviction is eligible for resentencing/reclassification under Proposition 47, compelling reasons support the conclusion that a section 10851 conviction is ineligible under Proposition 47 as a matter of law.

## B. Forfeiture

Defendant contends that equal protection principles require that his section 10851 conviction be treated in the same manner as a conviction for grand theft auto in violation of Penal Code section 487, subdivision (d)(1). The lead opinion dismisses this challenge on the ground defendant forfeited the objection by not raising it in the trial court, but also because defendant did not meet his burden of proof that the crime would have qualified as a section 490.2 petty theft at the time of defendant's offense.

I disagree with the conclusion in the lead opinion that defendant forfeited his equal protection challenge. Generally, an appellant forfeits claims of error through inaction that prevents the trial court from avoiding or curing the error. (*Steven W. v. Matthew S.*

6

(1995) 33 Cal.App.4th 1108, 1117.) There are, however, exceptions to the general forfeiture rule whereby certain issues may be raised on appeal despite the appellant's failure to raise them in the trial court. Even though defendant may not have raised the equal protection objection in the trial court, this court has discretion to consider constitutional issues raised for the first time on appeal, "especially when the enforcement of a penal statute is involved [citation], the asserted error fundamentally affects the validity of the judgment [citation], or important issues of public policy are at issue [citation]." (*Hale v. Morgan* (1978) 22 Cal.3d 388, 394.) Defendant's equal protection challenge is such an issue, which should be addressed on the merits by this court.

## C.  Equal Protection

I agree with the lead opinion's rejection of defendant's equal protection challenge, but not for the reasons stated in the lead opinion. Applying rational basis scrutiny, the California Supreme Court has held that "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838 (*Wilkinson*).) Similarly, it has long been the case that "a car thief may not complain because he may have been subjected to imprisonment for more than 10 years for grand theft of an automobile [citations] when, under the same facts, he might have been subjected to no more than 5 years under the provisions of section 10851 of the Vehicle Code." (*People v. Romo* (1975) 14 Cal.3d 189, 197.)

7

The same reasoning applies to Proposition 47's provision for resentencing/reclassification of a limited subset of those previously convicted of grand theft (those who stole an automobile or other personal property valued $950 or less), but not for those convicted of unlawfully taking or driving a vehicle in violation of section 10851. Absent a showing that a particular defendant "'has been singled out deliberately for prosecution on the basis of some invidious criterion,' . . . the defendant cannot make out an equal protection violation." (*Wilkinson, supra,* 33 Cal.4th at p. 839.) Defendant here has made no such showing.

## D. Conclusion

Although I agree with the lead opinion outcome, which affirms the trial court order denying defendant's petition seeking reclassification of his section 10851 felony conviction as a misdemeanor, I respectfully disagree that defendant's conviction may qualify for reclassification as a misdemeanor if he refiles his petition and provides sufficient evidence his offense would have qualified as a Penal Code section 490.2 petty theft at the time of the offense. A section 10851 felony conviction is not one of the crimes falling within the purview of Proposition 47. Therefore a section 10851 conviction is ineligible for resentencing or reclassification as a matter of law.

CODRINGTON

J.

8

Slough, J., Concurring.

I concur with the lead disposition to affirm the order denying Smith's petition because his petition failed to make out a prima facie case for resentencing. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880 (*Sherow*); *People v. Perkins* (2016) 244 Cal.App.4th 129, 135 (*Perkins*).) I also concur with the lead's conclusion that a defendant convicted of violating Vehicle Code section 10851, subdivision (a) (Section 10851) who does establish a prima facie case that he took a vehicle valued at $950 or less with the intent to permanently deprive the owner of possession may be able to establish he is eligible for sentencing under Penal Code section 490.2 (Section 490.2). As a result, I agree with the disposition holding Smith may file a new petition if he can set out sufficient facts to show his offense was a theft of a vehicle valued at $950 or less.

Our appellate courts are in disagreement over the issue of whether theft convictions under Section 10851 can be eligible for Proposition 47 sentencing, and we have not yet received guidance from the California Supreme Court. (See *People v. Page* (2015) 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793; *People v. Haywood* (2015) 243 Cal.App.4th 515, review granted Mar. 9, 2016, S232250; *People v. Solis* (2016) 245 Cal.App.4th 1099 (*Solis*), pet'n for review pending, petn. filed Apr. 25, 2016; *People v. Orozco* (2016) 244 Cal.App.4th 65, 73, rehg. granted Feb. 8, 2016; *People v. Ortiz* (2016) 243 Cal.App.4th 854, review granted Mar. 16, 2016, S232344; see also *People v. Gomez* (E062867, rehg. granted Jan. 11, 2016, subsequent opn. not certified for pub, petn. for review pending, petn. filed Apr. 18, 2016.).) Until we receive such

1

guidance, I believe it is our responsibility to decide each case before us to the best of our abilities. (See *Dillon v. Legg* (1968) 68 Cal.2d 728, 736 [recognizing the courts' "basic responsibility [is] to decide the merits of each case individually"].)

I write separately to more fully develop the lead's answer to the most important question raised by defendant's appeal: Can an offender convicted of a felony under Section 10851 for stealing a vehicle worth $950 or less be resentenced for misdemeanor petty theft under section 1170.18? The answer is yes. Under a plain reading of Proposition 47, a Section 10851 conviction constitutes a petty theft under Section 490.2 and therefore qualifies for misdemeanor resentencing provided the conviction was for theft (as opposed to joyriding) and the stolen vehicle was worth $950 or less.

I also write separately because I disagree with Justice Miller's conclusion that Smith forfeited his equal protection claim. On that point I agree with Justice Codrington. However, I conclude we need not reach the merits of the equal protection claim because Proposition 47 affects both theft offenses under section 487, subdivision (d) and theft offenses under Section 10851.

A. *Petty Theft Under Section 490.2*

When interpreting the meaning of an initiative like Proposition 47, our goal is to ascertain the voters' intent and effectuate the purpose of the initiative. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276.) To determine intent, we first examine the statutory language and give the words their ordinary meaning. (*People v. Park* (2013) 56 Cal.4th 782, 796.) If the statutory language is unambiguous, its plain meaning controls; if the language is ambiguous, we may refer to " 'other indicia of the voters' intent, particularly

2

the analyses and arguments contained in the official ballot pamphlet.' " (*People v. Rizo* (2000) 22 Cal.4th 681, 685.)

Proposition 47 changed portions of the Penal and Health and Safety Codes to reduce various nonserious, nonviolent drug possession and theft-related offenses from felonies or wobblers to misdemeanors. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Penal Code section 1170.18 provides a procedure for individuals who were previously convicted of felonies now considered misdemeanors under Proposition 47 to petition to have those convictions reduced to misdemeanors. (Pen. Code, § 1170.18, subds. (a), (f).)

As relevant here, Proposition 47 redefined the offense of "petty theft." Under new Section 490.2, a person commits petty theft by "obtaining *any* property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950)." (§ 490.2, subd. (a), italics added.) Section 490.2 mandates this offense "*shall* be considered petty theft and *shall* be punished as a misdemeanor," except in the case of certain violent or serious recidivists. (*Ibid.*, italics added.)

Before Proposition 47, petty theft was defined in the negative, by what it was not. Penal Code section 486 provides that all theft "is divided into two degrees, the first of which is termed grand theft; the second, petty theft." Grand theft was generally defined as theft of property worth more than $950 (dollar-amount grand theft). (Pen. Code, § 487, subd. (a).) However, the Penal Code made exceptions to this dollar-amount threshold for certain types of property (property-type grand theft). For example, theft of $250 worth of avocados was grand theft (Pen. Code, § 487, subd. (b)(1)(A)), as was theft

3

of any automobile or firearm (Pen. Code, § 487, subd. (d)(1) [grand theft auto], (d)(2) [firearm]).  (See generally Pen. Code, §§ 487-487j [provisions defining grand theft].)  Penal Code section 488 defines petty theft as "theft in other cases."

Section 490.2 expanded the offense of petty theft by defining it as *any theft* involving property worth $950 or less.  (§ 490.2, subd. (a) ["obtaining any property by theft . . ."].)  One effect of this expansion was to eliminate the preexisting property-type grand theft offenses.  Under the new definition of petty theft, the dollar-amount threshold ($950) is *the* deciding factor for whether a theft is grand or petty.  (§ 490.2, subd. (a) [$950 threshold applies "[n]otwithstanding" Penal Code section 487 or any other provision of law defining grand theft].)  In other words, the nature of the property no longer matters for determining the degree of the theft, only the value of the property matters.  However, the new definition of petty theft in Section 490.2 impacts more than just grand theft.  Under Section 490.2, *all thefts* of *any property* worth $950 or less must be considered petty thefts and must be punished as misdemeanors.

B.     *Section 490.2's Application to Section 10851*

Because Section 490.2 redefines and expands petty theft to encompass the act of obtaining any low-value property ($950 or less) "by theft," the question of whether Section 10851 convictions are affected by Proposition 47 comes down to whether such convictions are "theft" convictions.  According to the California Supreme Court, they are when the conviction is based on the unlawful *taking* of a vehicle, as opposed to the unlawful *driving* of a vehicle (commonly referred to as joyriding):  "[A] defendant convicted under section 10851(a) of unlawfully *taking* a vehicle with the intent to

4

permanently deprive the owner of possession has suffered a *theft conviction*." (*People v. Garza* (2005) 35 Cal.4th 866, 871, italics added.)

Recognizing that some violations of Section 10851 are thefts, the analysis is straightforward. If all thefts are either grand or petty (Pen. Code, § 486) and, post-Proposition 47, a vehicle theft is petty if it involves property worth $950 or less (§ 490.2), then a theft violation of Section 10851 involving a vehicle worth $950 or less is now, by definition, petty. After Proposition 47, when the People charge a felony *theft* violation of Section 10851, Section 490.2 requires the prosecution to prove the vehicle was worth more than $950 in order to obtain a felony conviction. Because a low-value vehicle theft is now a misdemeanor (§ 490.2), Penal Code section 1170.18, which gives a petitioning defendant the benefit of placing his felony conviction in the post-Proposition 47 world,[1] allows defendants convicted of vehicle theft under Section 10851 to petition for resentencing.

The language of Section 490.2 as both broad and clear. It broadly covers all thefts and clearly mandates that thefts be considered petty if the property stolen is worth $950 or less. Accordingly, if a petitioner can demonstrate his violation of Section 10851 was based on the theft of a vehicle worth $950 or less, he is eligible for resentencing under Penal Code section 1170.18 in accordance with the misdemeanor punishment provided in Section 490.2.

---

[1] Penal Code section 1170.18, subdivision (a), allows a defendant currently serving a sentence for a felony conviction to petition to have that felony reduced to a misdemeanor if he "*would have* been guilty of a misdemeanor under [Proposition 47] . . . *had [it] been in effect at the time of the offense*." (Italics added.)

To conclude otherwise would create absurd results by eliminating Proposition 47's intended effect on low-value vehicle thefts. By explicitly referencing Penal Code section 487 in Section 490.2,[2] the initiative's drafters demonstrated they intended to reduce vehicle theft to a misdemeanor if the vehicle is worth $950 or less. (See Pen. Code, § 487, subd. (d)(1) [offense commonly known as grand theft auto was a wobbler].) The information on Proposition 47 in the official voter information guide underscores the intent to reduce punishment for low-value vehicle theft. The Legislative Analyst explained that theft of "certain property (such as cars)" could no longer be charged as grand theft after the passage of Proposition 47, if the property was worth $950 or less. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) p. 35, at <http://www.vig.cdn.sos.ca.gov/2014/general/en/pdf/complete-vigr1.pdf> [as of April 27, 2016].) The intent to eliminate prosecutorial discretion regarding low-value vehicle thefts will be nullified if the prosecution can ignore the mandate in Section 490.2 and charge such thefts as felonies under Section 10851.

C.      *Opposing Arguments*

The remainder of my concurrence addresses the arguments of the opposing view, that Section 10851 convictions are categorically ineligible for resentencing under Proposition 47. There are five main arguments supporting this view.

---

[2] Section 490.2 begins: "Notwithstanding [Penal Code s]ection 487. . . ."

1. *Section 490.2's opening clause*

The first argument is that vehicle thefts under Section 10851 are not affected by the new definition of petty theft because Section 10851 is not explicitly mentioned in Section 490.2's opening clause. This clause provides that the new definition of petty theft applies "[n]otwithstanding" any provision defining grand theft. (§ 490.2, subd. (a).)

This clause as a limiting provision. (Accord, *Solis*, *supra*, 245 Cal.App.4th at p. 1108 [the opening clause of § 490.2 is a "nonrestrictive phrase [that] does not limit the rest of the sentence, the plain language of section 490.2 stands on its own"].) In my view, the purpose of the opening clause is to clarify that the new definition of petty theft abolishes the former property-type grand theft and replaces it with dollar-amount grand theft. Section 490.2 eliminates any previous categorization of thefts, such that *all theft offenses*—regardless of whether the statute setting out the offense identified it as grand, petty, or neither—must be considered petty if the offense involves property worth $950 or less. This interpretation is supported by the plain language of Section 490.2, subdivision (a), which clearly states that it applies to the act of "obtaining any property by theft." As Judge J. Richard Couzens and Presiding Justice Tricia A. Bigelow observe in their treatise on Proposition 47, "[n]o effort was made to include [in Section 490.2] every conceivable offense which may be classified as theft." (Couzens & Bigelow, Proposition 47: "The Safe Neighborhoods and Schools Act" (May 2016) p. 119, at <http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of June 2, 2016].)

Furthermore, if the opening clause functioned as a limiting provision, Section 490.2 would redefine only *grand theft* (as opposed to redefining petty theft) and

7

subdivision (b) of Section 490.2 would not make sense.  Section 490.2, subdivision (b), states:  "This section shall not be applicable to any theft that may be charged as an infraction pursuant to any other provision of law."  This subdivision indicates Section 490.2 is intended to apply to more than just grand theft.  Otherwise, there would be no reason to clarify that Section 490.2 does not apply to thefts that can be charged as infractions, as grand thefts never can be charged as infractions.  (Pen. Code, § 489.)

### 2. *Offenses listed in Penal Code section 1170.18*

The second argument is that Section 10851 is not affected by Proposition 47 because the offense is not listed in Penal Code section 1170.18, the resentencing provision.  Penal Code section 1170.18, subdivision (a), allows defendants to petition for misdemeanor resentencing under Proposition 47 "in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code."  The sections listed in this subdivision are all those that contain Proposition 47's new sentencing provisions.  Not included in this list are the myriad offenses affected by these new sentencing provisions, such as grand theft (Pen. Code, § 487), second degree robbery (Pen. Code, § 459), forgery (Pen. Code, § 476), as well as vehicle theft (§ 10851).  The list is not intended to contain every offense affected by Proposition 47, it contains only the provisions that set forth punishment.  Thus, the fact that Section 10851 (or Pen. Code, §§ 459 or 476 for that matter) is not listed in Penal Code section 1170.18 does not indicate Proposition 47 did not reclassify the offense as misdemeanor (when the value of the vehicle is $950 or less).

8

### 3.    *No direct amendment to Section 10851*

The third argument is that Proposition 47 did not directly amend Section 10851. This argument posits that because Proposition 47 left the wobbler punishment language in Section 10851 intact, the voters intended to allow the prosecution to retain its discretion to charge those offenses as felonies.  (§ 10851, subd. (a) [violations of this subdivision are punishable as either a misdemeanor or felony].)

While it is generally true our penal provisions afford the prosecution discretion to charge a defendant under the offense carrying the highest punishment, Proposition 47 was enacted for the specific purpose of *removing* prosecutorial discretion with regard to punishing certain nonserious offenses.  (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, §§ 2-3, p. 70 [overall purpose of the initiative was to "ensure that prison spending is focused on violent and serious offenses" by "*[r]equir[ing]* misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession"], italics added.)  To achieve this purpose, Section 490.2 removed prosecutorial charging discretion for low-value property thefts.  (See § 490.2, subd. (a) [all thefts of property worth $950 or less "shall be considered petty theft"].)

This prosecutorial discretion argument underscores the importance of my point about creating absurd results.  As noted above, it is clear the voters intended to remove prosecutorial discretion to charge low-value vehicle thefts as felonies under Penal Code section 487.  (See § 490.2, subd. (a) [explicitly referencing Pen. Code, § 487].)  The voters would not go through the trouble of enacting Section 490.2 for that purpose if the prosecution could simply charge the same offenses (low-value vehicle thefts) as felonies

9

under a different penal provision. (§ 10851.) In order to effectuate the clear intent of Section 490.2 as well as Proposition 47's goal of reducing prison spending for low-value vehicle thefts, we must apply it to both Penal Code section 487 and Section 10851.

### 4. *Maxim against surplusage*

The recent case of *Solis*, *supra*, 245 Cal.App.4th 1099 raised two more arguments in support of Section 10851's ineligibility. The majority in *Solis* interpreted the plain language of Section 490.2 (correctly) as broad enough to encompass thefts under Section 10851. (*Solis*, *supra*, at pp. 1108, 1110-1111 [conceding that, grammatically and conceptually, § 490.2 could apply to thefts under § 10851].) However, the majority ultimately concluded such violations are categorically ineligible for resentencing based on the maxim of statutory construction advising against "a construction that renders a word surplusage." (*Solis*, *supra*, at pp. 1110-1111, citing *Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798.) Applying this maxim, the majority reasoned that the inclusion of Section 10851 alongside "grand theft" and "petty theft" in Penal Code section 666 (the provision increasing the punishment for petty theft with a prior for certain offenders) is "a significant indication that the voters did not consider Section 10851 a variety of petty theft." (*Solis*, *supra*, at p. 1110.) The majority explained that if the initiative drafters considered violations of Section 10851 a "species of petty theft—a term they defined in section eight (adding § 490.2)—there would have been no need to designate it as a separate predicate in section 10 (amending Pen. Code, § 666)." (*Solis*, *supra*, at p. 1110.)

10

Like the author of the concurring opinion in *Solis*, I disagree with this argument. (*Solis*, *supra*, 245 Cal.App.4th at p. 1114 (conc. opn. of Aldrich, J.).)  The reference to "auto theft under Section 10851" in Penal Code section 666 is not rendered surplus to "petty theft" simply because *some* auto thefts under Section 10851, *subdivision (a)* constitute petty thefts under Proposition 47.  The offense remains listed in Penal Code section 666 to cover the thefts under Section 10851 that do not constitute petty thefts under Section 490.2, such as thefts of vehicles worth more than $950 in violation of Section 10851, subdivision (a), and thefts of the specialized vehicles described in Section 10851, *subdivision (b)*.[3]

Furthermore, the maxim against surplusage is simply a discretionary guideline to aid in ascertaining the meaning of the statute.  Interpretive maxims should not be rigidly employed if doing so would contravene the plain meaning of an unambiguous statute like Section 490.2.  (See, e.g., *Mejia v. Reed* (2003) 31 Cal.4th 657, 663 ["When the plain meaning of the statutory text is *insufficient* to resolve the question of its interpretation, the courts may turn to rules or maxims of construction 'which serve as *aids* in the sense that they express familiar insights about conventional language usage' "], italics added.)

---

[3]  Under Section 10851, subdivision (b), it is a felony to steal ambulances, distinctively marked law enforcement or fire department vehicles on emergency calls, and vehicles that have been modified for the use of a disabled veteran or any other disabled person and display a distinguishing placard or plate.

## 5. *Maxim of general versus specific*

The majority in *Solis* also relies on the general/specific interpretive maxim to explain why the broad language of Section 490.2 does not apply to Section 10851. The majority concludes the latter section is a more specific offense than the former and "in the event a broader law conflicts with a specific one, the specific controls." (*Solis*, *supra*, 245 Cal.App.4th at p. 1111.)

The application of this maxim is not appropriate in this context because vehicle thefts under Section 10851, subdivision (a) are not more specific offenses than the vehicle theft offenses Section 490.2 covers. Section 490.2 applies to the specific offense of vehicle theft. (§ 490.2, subd. (a) ["[n]otwithstanding [Penal Code s]ection 487"].) Section 10851, subdivision (a), "proscribes a wide range of conduct" (*People v. Jaramillo* (1976) 16 Cal.3d 752, 759), including vehicle theft (*People v. Garza*, *supra*, 35 Cal.4th at p. 871). To the extent a violation of Section 10851, subdivision (a) is based on a vehicle theft (as opposed to joyriding), Section 490.2 applies to that specific conduct by mandating misdemeanor punishment if the stolen vehicle is worth $950 or less. Because Section 490.2 and Section 10851, subdivision (a) cover the same conduct, the specific/general interpretive canon is unhelpful in the context of those two provisions. (See *Mejia v. Reed*, *supra*, 31 Cal.4th at p. 666 [concluding the specific/general canon "offer[ed] no assistance" where each statute was "at least as specific" as the other].)

The concurring opinion in *Solis* points to subdivisions (b) and (e) of Section 10851 to demonstrate that it is a more specific provision than Section 490.2. The concurring opinion concludes that because these subdivisions conflict with Section 490.2, the new

12

definition of petty theft is not intended to apply to Section 10851. (*Solis*, *supra*, 245 Cal.App.4th at pp. 1116-1118 (conc. opn. of Aldrich, J.).) Though Section 10851, subdivisions (b) and (e) *are* more specific provisions, that is not a reason for concluding Section 490.2 does not apply to Section 10851, *subdivision (a)*. Under the interpretation advanced here, Section 490.2 works in harmony with the other subdivisions of Section 10851. The new definition of petty theft simply carves out a distinct offense from subdivision (a) of Section 10851, and leaves the remainder of the provision intact.

As noted above, subdivision (b) of Section 10851 prescribes felony punishment for the offense of taking or unlawfully driving specialized vehicles under certain circumstances. The *Solis* concurring opinion finds potential for conflict where a defendant steals a specialized vehicle described in Section 10851, subdivision (b), worth $950 or less because that defendant would be "sentenced only as a misdemeanant, rather than to the two-, three-, or four-year term specified by subdivision (b)." (*Solis*, *supra*, 245 Cal.App.4th at p. 1118 (conc. opn. of Aldrich, J.).) It is a mistake to conclude the defendant in that circumstance would be punished as a misdemeanant. Proposition 47's new definition of petty theft does not apply to violations of Section 10851, subdivision (b) because those offenses are more specific (by virtue of the special nature of the vehicles) and more serious (by virtue of the felony punishment). If the drafters intended Proposition 47 to apply to those offenses, they would have made that intention clear. In the hypothetical the *Solis* concurrence poses, the defendant would still receive felony punishment. Moreover, even if Section 490.2 did apply to other subdivisions of Section

13

10851 (there is no reason to think it does), it is difficult to imagine any of the specialized vehicles described in Section 10851, subdivision (b) having a value of $950 or less.

Section 10851, subdivision (e), provides that recidivists are punishable as set forth in Penal Code section 666.5. Under these two provisions, a defendant who is convicted of a felony violation of Section 10851 and who has previously been convicted of the same offense, must be punished under Penal Code section 1170, subdivision (h) for two, three, or four years. (§ 10851; Pen. Code, § 666.5.) The *Solis* concurring opinion finds potential for conflict where "[a] recidivist who stole a vehicle worth less than $950 could not be punished for his or her recidivism," because "under [Penal Code] section 666.5 both the current and prior crimes must be felonies." (*Solis*, *supra*, 245 Cal.App.4th at p. 1118 (conc. opn. of Aldrich, J.).) This scenario creates no conflict. Section 10851, subdivision (a) is a wobbler offense, which means that even before Proposition 47, a recidivist could be convicted of a misdemeanor violation of that subdivision and therefore not qualify for sentencing under Penal Code section 666.5. All Section 490.2 does is mandate misdemeanor punishment for low-value vehicle thefts where previously the prosecution had discretion whether to charge that offense as a misdemeanor.

Section 490.2 does not conflict with any subdivisions of Section 10851.

D. *Voters' Intent*

Finally, even assuming the language of Section 490.2 is ambiguous as to its application to Section 10851, the voters' intent supports the lead's eligibility conclusion. (See *People v. Rizo*, *supra*, 22 Cal.4th at p. 685 [when the language of an initiative is ambiguous, courts may look to " 'other indicia of the voters' intent' " to determine the

14

initiative's meaning].) Proposition 47's overall purpose is to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, § 2, at p. 70.) To achieve that end, the measure "[r]equire[s] misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft." (*Id*., § 3, at p. 70.) Furthermore, the measure is to be "broadly construed to accomplish its purposes." (*Id*., §§ 15, 18, at p. 74.) A broad construction of Section 490.2 would apply the new definition of petty theft to *all* vehicle thefts where the vehicle is worth $950 or less, not just vehicle thefts under Penal Code section 487, subdivision (d)(1).

For all these reasons, theft convictions under Section 10851, subdivision (a) qualify for misdemeanor resentencing if the petitioner can demonstrate the stolen vehicle was worth $950 or less.

### E.    *Disposition*

I agree with the lead that Smith may file a new petition, provided he can support the petition with evidence of his eligibility—information or evidence tending to show he attempted to steal the vehicle and it was worth $950 or less. (*Perkins*, *supra*, 244 Cal.App.4th at pp. 136-137.) Such evidence may include a copy of the probation report or a police report, the vehicle's Kelly Blue Book value, a declaration under penalty of perjury regarding his intent and the vehicle's value, or other evidence tending to show his attempted to commit a low-value vehicle theft. (*People v. Smith* (May 24, 2016, No.

15

E062858) ___ Cal.App.4th ___ [2016 D.A.R 4936 at p. 4940] [directing court to "permit Smith to supplement the record by submitting evidence related to the value of any stolen property or counterfeit bills connected with his conviction," such as "his own testimony, 'court documents, record citations, or other probative evidence showing he is eligible for relief.'"], quoting *Perkins*, *supra*, at p. 140; see also *Sherow*, *supra*, 239 Cal.App.4th at p. 881.) Whether the evidence Smith submits to support his petition is admissible is a determination for the trial court to make in the first instance. [4]

E.    *Equal Protection*

Finally, I do not join Part B of Justice Miller's opinion. I disagree Smith forfeited his argument that excluding Section 10851 theft convictions from resentencing under Proposition 47 violates his right to equal protection of the laws. On this issue, I agree with the analysis in Part C of Justice Codrington's concurrence. The conclusion that Smith was required to assert his equal protection challenge in the superior court does not make sense under the facts of this case. Smith filed a court-mandated form seeking resentencing and the superior court ruled on his petition summarily without holding a

---

[4] Because Section 1170.18, subdivisions (a) and (b) are silent on the evidence a petitioner may use to establish eligibility, the normal rules of evidence apply. "Except as otherwise provided by statute, all relevant evidence is admissible" (Evid. Code, § 351), and relevant evidence means any evidence "having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.) To be sure, other provisions of the Evidence Code limit the admissibility of relevant evidence, for instance, if its probative value is substantially outweighed by the likelihood of prejudice or confusion (Evid. Code, § 352) or if it takes the form of hearsay (Evid. Code, § 1200). But these bases for excluding relevant evidence are complex, subject to exceptions, differ in the sentencing context, and are amenable to waiver.

16

hearing. Smith therefore had no opportunity to raise his equal protection challenge in the superior court.

In any event, I do not believe it is necessary to address the merits of Smith's equal protection claim because we conclude Section 10851 theft convictions may qualify for resentencing under section 1170.18 and because Smith has not met his prima facie burden of showing he is similarly situated to an offender resentenced to a misdemeanor who had been convicted under section 487, subdivision (d)(1) for stealing a vehicle worth $950 or less.

SLOUGH
J.